### SYLVANIA ELECTRIC PRODUCTS, INC., Appellant,

v.

### James CURRY, Appellee.

### No. 7334.

Court of Civil Appeals of Texas, Beaumont.

April 6, 1972.

Motion for Rehearing Overruled April 27, 1972.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellant.

Maroney & Cely, Lufkin, for appellee.

STEPHENSON, Justice.

This is an action for damages for breach of an employment contract. Trial was by jury and judgment was rendered for plaintiff upon the jury verdict. The parties will be referred to here as they were in the trial court.

James Curry brought this action against Sylvania Electric Products, Inc., and Sylvania Technical Systems, Inc., alleging the following, in substance: That defendants on or about January 30, 1970, solicited and engaged the services of plaintiff as a foreman-steel rigger on a microwave project in Cameroon, Africa. That plaintiff was to receive for his services $1500 per month plus per diem allowance of $150 per month plus a completion of contract bonus of $150 per month. That plaintiff and defendants entered into an employment agreement whereby the employment was to be for a term of not less than eight months. That plaintiff went to work under the agreement but on or about April 13, 1970, defendants wrongfully discharged plaintiff and plaintiff has not been fully paid under the contract.

The jury made these findings: That the parties agreed defendant was to employ plaintiff for a period of eight months beginning February 2, 1970. That defendant fired plaintiff on or about April 13, 1970. That plaintiff had been damaged in the amount of $8400. The jury failed to find that good cause existed for such firing.

All of defendants' points of error complain of the action of the trial court in failing either to grant defendants' motion for instructed verdict or failing to disregard the jury findings that the employment contract was for a period of eight months and that defendant fired plaintiff. These points of error are sustained.

Plaintiff attached to his petition a copy of the employment agreement sued upon, which was admitted in evidence without objection. The space for the date of execution was left blank but the date the salary was to commence was February 2, 1970. Paragraph 4, designated "Terms of Employment," reads as follows:

"The term of this agreement shall be the period during which the contractor desires the services of the employee, estimated to be eight months. The period of service hereunder shall be at the sole election of the Contractor who may terminate the same at any time at will."

We find nothing ambiguous about the terms of the contract sued upon. An excellent discussion on this subject was made by Justice Keith in his opinion in G & W Marine, Inc. v. Morris, 471 S.W.2d 644 at pages 646 and 647 (Tex.Civ.App., Beaumont, 1971, no writ), a part of which is a quotation from Hennigan v. Chargers Football Company (5th Cir., 1970), 431 F. 2d 308, 314, as follows:

"'A Texas court will deem a contract ambiguous if the contract, after estab-

lished rules of interpretation have been applied to its language, remains reasonably susceptible to more than one meaning. If the contract is not reasonably susceptible to more than one meaning, the effect to be given it will be determined, in the usual case, from the contract language alone, without resort to other evidence or to consideration of the conduct of the parties in attempting to comply with its terms or with the terms of similar previous agreements.' "

Citing City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515 (Tex.Sup. 1968), and other cases.

The contract before us is not reasonably susceptible to more than one meaning and that meaning is clearly stated to be that the term of the contract, even though estimated to be eight months, is to be at the sole election of the contractor who could terminate the contract at any time at will. There simply is nothing in the contract to indicate a contrary intent on the part of the parties.

■ It is argued by plaintiff that paragraph 11 of the contract headed "Termination of Employment" is directly contradictory to that part of paragraph 4 set out above. We do not reach the same conclusion. Paragraph 11 specifically covers two situations: one, if the employee quits; and two, if the employee is discharged with cause. In those instances, it is provided that not only will the salary and other compensation cease, but the employee will receive no travel pay and will be liable for his cost of living and return transportation. There is no complaint by plaintiff that defendant failed to comply with these two conditions. We find nothing in paragraph 11 directly or indirectly affecting the length of the term of this agreement.

This is not an action to reform a written agreement because of fraud or mutual mistake. In fact, there are not only no pleadings nor evidence to support such a theory of recovery, but no jury findings to such effect. The case was submitted to the jury on the premise that defendant had agreed to employ plaintiff for a period of eight months. Likewise, this is not a case in which a plaintiff seeks recovery on the basis of quantum meruit. The case is simply one of construction of a written contract.

■ None of the testimony admitted by the trial court which tended to vary the terms of this written contract was admissible in evidence. The jury findings based upon such evidence cannot control the disposition of this appeal. The law is well settled in Texas that the interpretation and construction of an unambiguous contract are a part of the court's legal obligation. City of Pinehurst v. Spooner Addition Water Co., supra.

■ We hold this employment contract to be for a term of one month and then from month to month. See Dallas Hotel Co. v. McCue, 25 S.W.2d 902 (Tex.Civ. App., Dallas, 1930, no writ), and Dallas Hotel Co. v. Lackey, 203 S.W.2d 557 (Tex.Civ.App., Dallas, 1947, error ref. n. r. e.). We also hold that according to its unambiguous terms, this contract could be terminated by defendant at its will. Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex.Civ.App., Tyler, 1966, error ref. n. r. e.), and Bichsel v. Heard, 328 S.W.2d 462 (Tex.Civ.App., San Antonio, 1959, no writ).

The judgment of the trial court is reversed and rendered that plaintiff take nothing.

Reversed and rendered.