**William R. COX, Individually**

v.

**BELL HELICOPTER INTERNATIONAL.**

**Civ. A. No. CA 4–75–318.**

United States District Court,
N. D. Texas,
Fort Worth Division.

Jan. 7, 1977.

Earl Rutledge, Fort Worth, Tex., for plaintiff.

Beale Dean, Brown, Herman, Scott, Dean & Miles, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Plaintiff, William R. Cox, brings this action against Bell Helicopter International seeking to recover damages for his alleged wrongful termination from employment. Mr. Cox contends that Bell discharged him without sufficient "cause" and thereby breached the employment agreement entered into by the parties.

Plaintiff is a resident of the state of Texas, and Bell Helicopter International, Inc., is a corporation incorporated under the laws of Delaware with a certificate of authority to transact business in the state of Texas. The jurisdiction of this Court is invoked under federal diversity jurisdiction and Plaintiff alleges that the amount in controversy exceeds the sum of $10,000.00.

## I.

### FACTUAL BACKGROUND

On April 26, 1973, Plaintiff entered into a written contract of employment with Bell Helicopter. Pursuant to the written agreement, Mr. Cox worked in the employment of the defendant in Iran as a helicopter flight instructor from April, 1973, until September 7, 1974, when Bell chose to terminate his employment. The reason given for Mr. Cox's termination was his failure to style his hair in such a manner as to conform to the Defendant's dress code for its training personnel in Iran.

Plaintiff contends that he was terminated from his employment without cause in violation of the terms of the employment agreement, and that he has complied with all conditions and obligations of the agreement. Plaintiff further contends that his employment agreement specified an employment term of two years and that he should be awarded damages for his loss of wages from the date of his termination through the date of the expiration of the contract.

## II.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

There is now before the Court a motion by the Defendant to enter, pursuant to Rule 56 of the Federal Rules of Civil Procedure, a summary judgment in its favor denying the Plaintiff all relief he seeks and dismissing his action against the Defendant. The Defendant alleges that the pleadings, depositions, answers to interrogatories, and stipulations of the parties show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.[1]

Plaintiff, however, asks the Court to deny the Defendant's motion for summary judgment on the basis that genuine issues of material fact are raised by the pleadings, depositions, and answers to interrogatories.

In accordance with the provisions of Rule 56, a hearing was held on the motion before U. S. Magistrate, Alex McGlinchey, on November 23, 1976.

### A. There is no Genuine Issue as to any Material Fact.

On motion for summary judgment, the principal judicial inquiry is whether a genuine issue of material fact exists. If no such issue exists, Rule 56 of the Federal Rules of Civil Procedure permits the immediate entry of judgment. *Cole v. Chevron Chemical Co., Oronite Division*, 427 F.2d 390, 393 (5th Cir. 1970); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2725.

Plaintiff contends that at least two material facts are still in issue, and, therefore summary judgment is precluded. Specifically, Plaintiff contends that the following material facts are in issue and must be determined by the jury: (1) whether Plaintiff was terminated for good cause, and (2) whether Plaintiff was terminated in good faith.

Defendant, however, contends that the issues of good faith or good cause are not material issues of fact and that the material facts in this case are not in issue. Thus, it becomes the duty of this Court to determine if the issues of good faith and good cause are, indeed, "material" facts.

Professors Wright and Miller have commented on the elements that a court must consider in determining whether a fact is a material fact. In 10 Wright & Miller, Federal Practice and Procedure: Civil § 2725, they state that:

---

1. The stipulations of the parties are found in the Appendix to this opinion.

There is no established standard governing the question of what constitutes a material fact [for purposes of Rule 56] . . . . [T]he notion of materiality includes only those questions that are within the range of allowable controversy in a lawsuit. Under this standard, a fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not material within the meaning of Rule 56(c) and a motion for summary judgment may be granted without regard to whether it is in dispute.

It is the finding of this Court that the factual issues of good faith and good cause are not necessary to the decision of this Court, and, therefore, are not "material" facts for purposes of Rule 56. Even if the jury were to find that Bell Helicopter had acted without cause or in bad faith in terminating Mr. Cox, the resolution of these factual disputes would not affect the result reached by this Court. *See, McComb v. Southern Weighing & Inspection Bureau,* 170 F.2d 526 (4th Cir. 1948); *Johns Hopkins Univ. v. Hutton,* 297 F.Supp. 1165, 1198 (D.Md.1968), *aff'd in part, rev'd in part on other grounds,* 422 F.2d 1124 (4th Cir. 1970).

In view of the finding of this Court that the issues of good faith and good cause are not material facts and that all other material facts in this case have been stipulated by the parties, the Court further finds that no genuine issue exists as to any material fact, and that, under these circumstances, Rule 56 permits the immediate entry of judgment after the resolution of any contested issues of law by the Court.

The following contested issues of law have been raised in this action:

(1) Whether an alleged oral agreement entered into by the parties prior to the signing of the written employment contract in April 1973 can be introduced to vary the terms of the written agreement.

(2) Whether the written employment contract is ambiguous on its face, and, if so, whether the alleged ambiguity can be resolved by the introduction of testimony concerning an alleged oral agreement of the parties.

(3) Whether the contract entered into between the parties on April 26, 1973, is a contract terminable at will or a contract for a definite term of two years.

(4) Whether the contract required that the employee only be terminated for good cause or in good faith.

(5) Whether Plaintiff can recover future wages as damages for the alleged breach of his employment agreement with the Defendant.

B. *Parol Evidence is Inadmissible to Vary, Add to, or Contradict the Terms of a Written Agreement in the Absence of Fraud, Accident, or Mistake.*

Plaintiff contends that his contract of employment with Bell Helicopter was for a definite term of two years and that, under the provisions of the contract, he could only be terminated for "cause." Plaintiff bases his contention that the contract was for a definite term of two years on an alleged oral agreement between himself and representatives of Bell entered into prior to the written agreement.

Defendant, however, contends that the employment contract was a contract terminable at will and that Mr. Cox could be terminated at the sole discretion of Bell for any reason that it saw fit. The Defendant further contends that the Plaintiff is attempting to avoid the language of the written contract by asking the Court to consider evidence of an alleged oral agreement entered into prior to the written agreement and that the parol evidence rule precludes the consideration of such alleged statements by this Court in giving legal effect to the provisions of the contract.

In 3 Corbin § 573, Professor Corbin states the parol evidence rule as follows:

> When the terms of a contract have been embodied in a writing to which both parties have assented as the definite and complete statement thereof, parol evidence of antecedent agreements, negotiations, and understandings is not admissible for the purpose of varying or contradicting the contract so embodied.

■ Under Texas law, the parol evidence rule excludes evidence of prior or contemporaneous negotiations and representations that are introduced to *vary, add to,* or *contradict* the terms of a valid written instrument, which is presumed by the rule to embody the complete agreement of the parties. *Harville Rose Service v. Kellog Co.,* 448 F.2d 1346 (5th Cir. 1971), *cert. denied,* 405 U.S. 987, 92 S.Ct. 1248, 31 L.Ed.2d 453 (1972). Furthermore, as Judge Massey stated in *Patton v. Crews,* 264 S.W.2d 467, 469–470 (Tex.Civ.App.—Ft. Worth 1954, writ ref'd n. r. e.), in order to allow the introduction of parol evidence to vary, add to, or contradict an instrument, fraud, accident, or mistake must be alleged as a foundation of the right to introduce such parol evidence.

Mr. Cox asks the Court to consider his deposition testimony that, prior to the signing of the written agreement, he entered into an oral agreement with representatives of Bell for a definite term of employment of two years.[2]

These alleged statements, however, are clearly at variance with the terms of the written agreement which states in Paragraph 2 that:[3]

> [T]he *employee* indicates *his* intention to remain on this assignment for a minimum of two years. However, employment is at the *sole discretion* of Bell Helicopter International, Inc. (emphasis added.)

Plaintiff has made no allegation that fraud, accident, or mistake was involved in the signing of the written agreement. In the complete absence of such allegations, the Court cannot accept testimony concerning an alleged oral agreement entered into prior to the written agreement to vary, add to, or contradict the terms of the written agreement of the parties.

**C.** *In the Absence of Any Ambiguity, Parol Evidence Cannot be Accepted to Aid in the Construction of a Written Agreement.*

■ Alternatively, Plaintiff contends that the agreement is ambiguous on its face in regard to Paragraph 2 of the instrument and, therefore, parol evidence can be considered by the Court in giving legal effect to the contract.

■ Where a contract is ambiguous or incomplete, parol evidence of circumstances surrounding its execution is admissible to render its terms certain and to clarify matters which are left in doubt by its wording. *Jordan v. Rule,* 529 S.W.2d 463, 465 (Tex. Civ.App.—Houston 1975, no writ). The preliminary determination of whether the language of a contract is ambiguous is a question of law for the court. *Hennigan v. Chargers Football Co.,* 431 F.2d 308 (5th Cir. 1970).

The Court is unable to find any ambiguity in Paragraph 2 of the written agreement. On the contrary, the employment provision is unambiguous and there is no necessity for the Court to consider any evidence of an alleged oral agreement to help in the construction of the provision.

The second sentence of Paragraph 2 clearly modifies the first sentence. In the first sentence, the *employee* states *his* intention to remain on the job a minimum of two years if employed by Bell for the assignment in Iran, but the second sentence of the paragraph makes it clear that there was no definite term of employment and that Bell could terminate Mr. Cox at its sole discretion at any time.[4]

---

**2.** Deposition of William R. Cox, taken July 9, 1976, pp. 28–29, 33.

**3.** See Exhibit "A", Defendant's Motion for Summary Judgment.

**4.** In *Hatfield v. Bell Helicopter International, Inc.,* No. 48–24242–74, 48th Judicial District Court of Tarrant County, Texas, Judge Walter E. Jordan reached a similar conclusion. Judge Jordan was faced with the construction of a

■ Plaintiff has been unable to rebut the presumption which exists in Texas law that the writing itself merges into the instrument all the oral agreements then existing between the parties, the writing thus becoming itself an instrument embodying the parties' whole and entire agreement. *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941); *Patton v. Crews, supra* at 469.

■ The Court has been unable to find any ambiguity in the employment agreement in question, and, where there is no ambiguity in a contract, the construction of the contract is a question of law for the Court. The contract must be viewed in its entirety to ascertain the intent of the parties as shown by the facts, the context of the agreement and the circumstances. *Glenn v. Gidel*, 496 S.W.2d 692, 702 (Tex. Civ.App.—Amarillo 1973, no writ).

D. *The Contract in Question is a Contract For an Indefinite Term and Terminable at Will.*

■ The employment contract in question is remarkably similar to employment contracts recently found by two Texas Courts of Civil Appeals to be contracts for indefinite terms and terminable at will. In *Sylvania Electric Products, Inc. v. Curry*, 479 S.W.2d 777 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), the Plaintiff was employed by Sylvania as a steel rigger on a microwave project in Cameroon, West Africa. The terms of his employment agreement, in pertinent part, were as follows:

> The term of this agreement shall be the period in which the Contractor desires the services of the employee, estimated to be eight months. The period of services hereunder shall be at the sole election of the Contractor who may terminate the same at any time at will.

The Plaintiff alleged that he had been wrongfully discharged and that his employment had been for an agreed term of eight months. Although the jury found that the parties had indeed agreed to employ the Plaintiff for a fixed term of eight months, the Beaumont Court of Civil Appeals reversed and rendered the decision of the trial court holding that the employment contract, according to its unambiguous terms, was a contract terminable at the will of the corporation.

A similar result was reached by the Fort Worth Court of Civil Appeals in *NHA, Inc. v. Jones*, 500 S.W.2d 940 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.). The action involved a consolidated trial of twenty suits brought by former employees of NHA against their employer. The employees had been hired to maintain and service helicopters engaged in military operations in Southeast Asia, and each of their employment contracts contained the following provision:

> The term of this agreement shall be for the period of one year beginning with the date of employee's departure from the Continental United States . . . or the date of employee's signature on this contract, whichever date is later; or such periods as shall be determined by NHA, Inc.

The trial court held for the Plaintiffs and NHA appealed to the Court of Civil Appeals. NHA contended that the trial court erroneously held it to be liable to each of the Plaintiffs for damages based on lost or future wages because the contracts involved were for indefinite terms and terminable at the will of either party.

The Court of Civil Appeals sustained NHA's point of error and held that the employment contracts in question were for indefinite terms, terminable at the will of

---

paragraph in a BHI employment contract identical to the paragraph in the instant case and found that: "the employment provision in paragraph 2 is clear, unambiguous and indisputable. It means to me that they could termi-

nate his services at any time, with or without reason, and with or without dissatisfaction." *Exhibit B, Defendant's Motion for Summary Judgment.*

either party, and that there could be no recovery for loss of future wages.

This Court finds the reasoning in these cases persuasive, and, therefore, finds that the employment contract entered into by Mr. Cox and representatives of Bell Helicopter was a contract which was terminable at will and that there was an indefinite term of employment. The plain wording of Paragraph 2 of the contract is clear and unambiguous and is susceptible to no other construction.

E. *Order Granting Defendant's Motion for Summary Judgment.*

Accordingly, the Court finds that the pleadings, depositions, answers to interrogatories, and stipulations of the parties show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

### APPENDIX

### STIPULATED FACTS

(a) William R. Cox is a resident and domiciliary of the state of Texas.

(b) Bell Helicopter International, Inc., is a private corporation incorporated under the laws of the state of Delaware, transacting business in Texas and having an office and place of business in the City of Bedford, Tarrant County, Texas.

(c) Plaintiff and Defendant signed and entered into the contract for the employment of Plaintiff on April 26, 1973, a copy of which is attached to Plaintiff's written memorandum or contract of employment evidencing the agreement of the parties.

(d) Plaintiff went to Iran and worked in the employment of Defendant as a helicopter flight instructor until September 7, 1974, pursuant to the written contract.

(e) On September 7, 1974, Plaintiff was terminated by Defendant for failure to comply with its dress and appearance standards; specifically for Plaintiff's failure to conform to Defendant's hair standard for its training personnel in Iran.

(f) At the time of such termination, Plaintiff knew that he would be terminated by Defendant if he refused to cut his hair so as to conform to the Defendant's hair standard for its training personnel in Iran.

(g) Defendant paid the Plaintiff all compensation and allowances which he was due under the terms of his employment contract through the date of his termination on September 7, 1974.

(h) Defendant also paid for Plaintiff's air transportation, and for the air freight pertaining to his personal belongings, to and from Iran.

(i) Plaintiff filed his initial claim for unemployment compensation benefits under Article 5221b-1, V.A.T.S. with the Odessa, Texas, office of the Texas Employment Commission. Plaintiff did not thereafter appeal from such denial as provided by Article 5221b-4, V.A.T.S.