William WHITEHEAD, Plaintiff,

v.

TELESPHERE INTERNATIONAL, INC., Defendant.

No. 84 C 4654.

United States District Court,
N.D. Illinois, E.D.

July 2, 1985.

Joel F. Handler, Chicago, Ill., for plaintiff.

John E. Verscaj, W.E. Whittington, IV, Bell, Boyd & Lloyd, Chicago, Ill., and George S. Kois, Elm Hurst, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is a breach of contract dispute. The parties have filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 12(e). At issue is whether the defendant-employer has wrongfully terminated a one-year employment contract with the plaintiff-employee. For the reasons stated herein, the plaintiff's motion for summary judgment is denied and the defendant's cross-motion for summary judgment is granted.

## I. FACTS

This is an action to recover damages for an alleged breach of a one-year employment contract. The plaintiff, William Whitehead, is a former employee of the defendant. The defendant, Telesphere International Incorporated (Telesphere) is a Delaware corporation with its principal place of business in Illinois.

In December 1983, Whitehead contacted Telesphere representatives regarding possible employment in Telesphere's sales division. As a result, Whitehead on several occasions met with Dennis Casey, Telesphere's Chairman and President. During these meetings they discussed Whitehead's qualifications and interest in a sales position with Telesphere.

Ultimately, the two parties came to an understanding and Whitehead commenced employment with Telesphere on or about January 16, 1984. As of this time, there was no written contract regarding Whitehead's employment.

On January 17, 1984, Casey sent Whitehead a letter which embodied the terms of the employment contract. The letter stated, "This will confirm our agreement on your employment with Telesphere ..." Also, the letter provided for Whitehead's "Salary to be $45,000." Other parts of the letter addressed Whitehead's participation in employee fringe benefits and expense compensation. However, contrary to Whitehead's assertions, no mention is made in the letter of a "one-year" employment contract. Additionally, the letter referred specifically to other "forms" and "information" that Whitehead would be required to complete as part of his employment contract.

On January 18, Whitehead received an "Employee Invention and Confidentiality Agreement." The confidentiality agreement provided that, "In consideration of my [Whitehead's] employment by Telesphere ... I agree that my employment may be terminated by me or the company at any time." Whitehead signed the confidentiality agreement.

Prior to and during Whitehead's employment, Telesphere policy required that each new employee "satisfactorily complete" a ninety [90] day probationary period. After expiration of such period, Telesphere main-

tained suggested guidelines to be followed in disciplining and dismissing an employee. Such guidelines provided that before a post-probationary employee was dismissed, he or she should be given one oral and two written warnings.

On April 15, 1984, after approximately seventy-eight [78] days of employment, Whitehead was notified by Telesphere that his services were no longer required. Whitehead subsequently commenced the present action against Telesphere.

In Count I of his amended complaint, Whitehead claims damages as a result of Telesphere's breach of an oral one-year employment contract. Counts II and III further allege that Telesphere willfully and wantonly breached such contract in violation of their own suggested guidelines.

Telesphere denies that any oral agreement was ever entered into and that in any case the parol evidence rule prevents its admission as evidence. Telesphere concludes that, since Whitehead was an "at will" employee, his employment could be terminated at any time.

## II.  DISCUSSION

On a motion for summary judgment, the moving party must demonstrate a lack of genuine issue as to any material fact. *Gracyalny v. Westinghouse Electric Co.,* 723 F.2d 1311, 1316 (7th Cir.1983). If the Court determines no such issue to exist, Rule 56 of the Federal Rules of Civil Procedure permits an immediate entry of judgment. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983). However, in reviewing the record on a Rule 56 motion, the Court should entitle the nonmoving party to the benefit of all doubts and reasonable inferences that can be drawn in its favor. *Id.* at 105.

Accordingly, a detailed review of the pleadings must convince this Court that no genuine issue of material fact exists with respect to the following issues:

(1) If parol evidence is admissible to determine whether Whitehead had a one-year or at-will employment contract with Telesphere.

(2) Whether Telesphere violated company procedures and guidelines when they dismissed Whitehead.

Both parties agree that according to Illinois choice of law principles, the law of Texas (place of performance) will govern this Court's determination of the dispute. *Adams Laboratories, Inc. v. Jacobs Engineering Co.,* 486 F.Supp. 383 (N.D.Ill.1980). Indeed, whether Texas or Illinois law applies is of no significance as there exist no relevant legal differences. *Texas City Refining v. Universal Oil Products,* 681 S.W.2d 303 (Tex.App.1984).

### A.  Parol Evidence Rule

Under Texas law, a written instrument is presumed to embody the parties' entire contractual intent. *Wilkins v. Bain,* 615 S.W.2d 314 (Tex.Civ.App.1981); *Cox v. Bell Helicoptor International,* 425 F.Supp. 99 (N.D.Tex.1977). Thus, any prior oral agreements are presumed incorporated into the writing itself. *Cox* at 104. Absent a showing of ambiguity, incompleteness, or fraud, parol evidence of any prior or contemporaneous agreements will be inadmissible to aid in the construction of a valid written contract. *Id.* at 103; *Horville Rose Service v. Kellogg Co.,* 448 F.2d 1346 (5th Cir.1971).

In the present case, the plaintiff alleges that Telesphere orally promised him a one-year employment contract prior to consummation of the written contract. Plaintiff argues that such evidence creates an issue of material fact and should be admissible on two separate grounds. First, plaintiff contends that parol evidence is admissible because the written contract represents "mere confirmation" of a primary oral agreement. Second, plaintiff characterizes the contract as an ambiguous or incomplete document that may be supplemented by parol evidence.

Plaintiff's first argument relies exclusively on *National Bank of South Carolina v. United States,* 621 F.2d 1109, 223 Ct.Cl. 573 (1980). However, *National Bank* is factually distinguishable from the case at bar. In *National Bank,* parol evi-

dence was admissible based on the court's conclusion that the written document was *not* a contract, but was only evidence of a primary oral agreement. *Id.*, 621 F.2d at 1113. Specifically, the contract in question began with the words "In accordance with our telephone conversation this date...." *National,* 621 F.2d at 1110. Additionally, the defendant in *National* admitted to having an oral agreement with the other party. Also, the contract, a loan agreement, was silent as to many key terms such as time, amount, and period of payments.

■ Unlike *National Bank,* the present case involves a written instrument that sets out in detail the terms of the employment contract and is therefore presumed to embody the parties' entire contractual intent. *Baker v. Lockheed Aircraft Service,* 584 S.W.2d 369 (Tex.Civ.App. 1979). Additionally, unlike *National Bank,* the written agreement involved here makes no specific reference to any prior oral agreements, a factor crucial to the court's determination in *National Bank.* Therefore, *National Bank* is not controlling in this case.

Plaintiff's second argument, which asserts that parol evidence should be admissible to clarify the terms of the letter, rests on two findings urged by him: (1) that the January 17 letter does *not* incorporate as part of the employment contract the Employee Agreement signed by plaintiff on January 18, and (2) that, as a result of this first finding, the letter is "ambiguous" and can be supplemented by oral evidence. For reasons stated below, the Court finds that the letter does incorporate the Employee Agreement, and the contract is unambiguous. Therefore, parol evidence is inadmissible to clarify or interpret the contract.

■ According to Texas law, where two instruments are executed at different times for the same purpose and pertain to

the same transaction, both instruments are to be treated as a single contract. *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981); *Harris v. Rowe,* 593 S.W.2d 303 (Tex.1979). A written contract may therefore consist of multiple integrated documents. *W.B. Dunavant and Co. v. Southmost Growers Inc.,* 561 S.W.2d 578 (Tex.Civ.App.1978). This is especially true where the prior and subsequent instruments are connected by reference. *Page Airways, Inc. v. Associated Radio Service Co.,* 545 S.W.2d 184 (Tex. Civ.App.1976).

■ Based on the foregoing principles, there appears little doubt that the letter and Employee Agreement should be read together as a single employment contract. Both instruments were received by Whitehead within one day of each other and both expressly addressed Whitehead's employment with Telesphere. The record shows the January 17 letter to have specifically referred to "all personnel forms and other information ..." that Whitehead would receive as part of his employment. The record also shows that on January 18, Whitehead received the Employee Agreement which Whitehead signed "In consideration of my employment with Telesphere." In short, the Court concludes that the parties intended the two instruments to represent one employment contract.[1]

■ Parol evidence is admissible to supplement or explain a written contract where the contract is facially incomplete or ambiguous. *Gibson v. Bentley,* 605 S.W.2d 337 (Tex.Civ.App.1980); *Cox v. Bell Helicopter International,* 425 F.Supp. 99 (N.D.Tex.1977). The threshold determination of contractual ambiguity is a question of law for the court. *Texas City Refining v. Universal Oil Products,* 681 S.W.2d 303 (Tex.App.1984); *McCrea v. Cubilla Condominium Corporation N.V.,* 685 S.W.2d 755 (Tex.App.1985). Where the meaning of

---

1. Because both instruments represent a single employment contract, Whitehead's allegation that the Employee Agreement lacks consideration is without merit, as none is required. *Mitchell v. Lawson,* 444 S.W.2d 192 (Tex.App. 1969); *Garcia v. Laredo Collections, Inc.,* 601

S.W.2d 97 (Tex.Civ.App.1980). Additionally, Whitehead's argument that the Employee Agreement is invalid as conflicting with the provisions of the letter is based on the fallacious assumption that the letter creates a one-year contract.

a contract is uncertain or capable of more than one interpretation, it is ambiguous and may be clarified by oral evidence. *Seaman v. Seaman*, 686 S.W.2d 206 (Tex. App.1984). However, where the written contract is clear and capable of only one interpretation, it is unambiguous and its provisions must be applied as a matter of law without reference to any extrinsic evidence. *O'Grady v. Hines*, 683 S.W.2d 763 (Tex.App.1984); *Stitt v. Royal Park Fashions*, 546 S.W.2d 924 (Tex.Civ.App.1977).

■ In the present case, a reading of the employment contract conclusively shows that it is neither incomplete nor ambiguous with respect to Whitehead's term of employment.[2] The contract states that "In consideration of my [Whitehead's] employment ... I agree that my employment ... may be terminated by me or the company at any time." The language is clear, unambiguous, and capable of only one conclusion. Where a provision of an employment contract is unambiguous, the Court need not consider any evidence of an alleged oral agreement to interpret the provision. *Cox, supra*, 425 F.Supp. at 103. As such, any evidence concerning Whitehead's "oral" one-year employment contract is inadmissible. Construction of the written contract is thus a question of law appropriate for summary judgment. *Lasater v. Convert Energy Corp.*, 615 S.W.2d 340 (Tex.Civ.App.1981); *Carroll v. Paetznick*, 603 S.W.2d 381 (Tex.Civ.App.1980).

■ Whitehead's employment contract provided that "I agree that my employment may be terminated by me or the company at any time." This Court finds that such language, as a matter of law, shows the employment contract could be terminated at will by either party. *See Sylvania Electronic Products Inc. v. Curry*, 479 S.W.2d 777, 779 (Tex.Civ.App.1972). Accordingly, Whitehead's employment could be legally terminated by Telesphere for a good rea-

son, a bad reason, or no reason at all. *Phillips v. Goodyear Tire and Rubber Co.*, 651 F.2d 1051 (5th Cir.1981); *United States Auto Assn. v. Tull*, 571 S.W.2d 551 (Tex. Civ.App.1978). Therefore, since it finds that Whitehead had a written "at will" employment contract, the Court grants defendant's motion for summary judgment on Count I of plaintiff's complaint.

### B. Violation of Company Guidelines

■ Having decided that Whitehead was an employee subject to "at will" termination, the question now becomes whether Telesphere was nevertheless obligated to follow certain procedures before dismissing Whitehead. In Counts II and III, Whitehead alleges that Telesphere willfully terminated his employment in violation of Telesphere's suggested "Employee Disciplinary Policy." Telesphere, however, characterizes the guidelines as nonbinding suggestions subject to Telesphere's unilateral modification. *Reynolds Mfg. v. Mendoza*, 644 S.W.2d 536 (Tex.App.1982). This Court agrees with Telesphere and the decision in *Reynolds*. In *Reynolds*, the court dealt with a disciplinary policy similar to this case and ruled that the policy constituted nothing more than nonbinding general guidelines subject to the employer's unilateral modification. However, the Court need not even go that far.

■ The Employee Disciplinary Policy (hereinafter the policy) shows that even assuming the policy to be binding, Whitehead was not subject to the benefit of its discharge and termination procedures. The policy provides that:

Each new employee is subject to a 90-day probationary period. *An employee who fails to satisfactorily complete the probationary period will be terminated on or before the 90th day of employment.* Please refer to disciplinary and termination procedures for additional informa-

---

**2.** Even assuming, arguendo, that the Employee Agreement is not part of the employment contract, the letter by itself is still an "at will" contract, incapable of supplementation by parol evidence, because it provides for Whitehead's

indefinite term of service. *See United Services Asso. v. Tull*, 571 S.W.2d 551 (Tex.Civ.App.1978); *NHA Inc. v. Jones*, 500 S.W.2d 940 (Tex.Civ.App. 1973).

tion regarding unacceptable performance *following the probationary period.* (emphasis added)

Since Whitehead had completed only seventy-eight [78] days on the day of his discharge, Telesphere never violated the policy guidelines and procedures. Counts II and III of Whitehead's complaint are therefore dismissed.

## CONCLUSION

Accordingly, the Court finds that the record shows no genuine issue as to any material fact. Defendant's cross-motion for summary judgment as to all three counts is granted and plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.