Michael D. O'GRADY, Appellant,

v.

GERALD D. HINES, INC. d/b/a Gerald D. Hines Interests, Appellee.

No. C14-84-150-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 1984.

Arthur M. Lincoln, Gary Lee, Bates & Lee, Houston, for appellant.

Linda Broocks, Gail Stewart, Baker & Botts, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted to Appellee. Appellant (Plaintiff) filed a lawsuit to enforce an oral modification of a written contract. Following discovery, Appellee (Defendant) filed a motion for summary judgment which was granted by the trial court. We find no error and affirm.

Appellant contends in two points of error that the trial court erred in failing to consider summary judgment evidence of an oral modification of a written contract, and further that the trial court erred in granting the Motion for Summary Judgment because Appellant raised a genuine fact-issue of oral modification of the written contract.

Appellant was employed by Appellee as a senior marketing representative. His duty was to lease office space in buildings owned by Appellee from prospects within an assigned territory. Appellant and Appellee executed a written Office Leasing Compensation Plan which became the basis of this lawsuit. The pertinent provisions of this Plan are as follows:

(1) brokers could not earn commissions for leases executed after their employment with Appellee terminated;

(2) waiver of any provision of this Plan must be in writing; and,

(3) the waiver of any provisions of this plan in any particular case shall not constitute a continuing waiver of such provisions, nor shall any course of conduct effect a modification or waiver of any provision of this Plan.

Under this Plan, Appellant's commissions were earned and paid upon *execution* of the lease agreement for the leased premises. This Plan remained in effect from the date of Appellant's initial employment until January 1, 1976, at which time a new Plan was executed. The new Plan merely increased the amount of commissions that Appellee agreed to pay per square foot of leased space, and further provided for the performance bonus to be awarded in certain circumstances. All other material provisions of the Plan remained in effect in accordance with the original 1975 Plan.

In November of 1976, Bill Wolff, a junior marketing representative assigned to Appellant's territory, made an initial call on Houston Oil and Minerals (HOM) and discovered that they had a possible interest in leasing office space in Appellant's new First International Plaza building. At this point in time, Appellee was in the process of negotiating with the Horne Company to use it as an outside realtor for the leasing of the First International Plaza building.

This was a custom normally followed by Appellee in regard to its downtown buildings. Appellant, and other members of the direct marketing division, were disturbed over the potential loss of commissions due to the involvement of outside brokers. Bill Hudak, vice-president and general manager of the Direct Marketing Division, assured Appellant and Bill Wolff that HOM would not be withdrawn from their territory, and further that the involvement with the Horne Company would not affect their eligibility for commissions due under the Plan. This is the "oral agreement" made the basis of Appellant's suit for oral modification of the written contract.

In February of 1977, Appellant's employment with Defendant was terminated. Pursuant to the provisions of the Plan, Appellant could not earn any commissions for any leases executed subsequent to that date. On February 24, 1978, more than one year after the termination of Appellant's employment, HOM executed a lease agreement with Appellee. Appellant thereafter filed his lawsuit seeking oral modification of the written contract and payment of commissions due under the HOM lease.

██ After careful examination of the record brought forward on this appeal, including the depositions of the parties, instruments filed, and affidavits in support of the instruments filed, we find that the "oral agreement" consisted of: (1) HOM would not be withdrawn from Appellant's territory, and, (2) the involvement with the Horne Company would not affect the *eligibility* for commissions due under the Plan. Appellant, subsequent to his termination, attempted on several occasions to obtain Appellee's written modification of the Plan. Appellee at all times declined to enter into a written modification of a Plan, and refused to expand the oral agreement to include a waiver of that provision of the Plan providing that no commissions shall be earned for leases executed after the termination of the employment of a broker. We can find no evidence in the record to support Appellant's contention regarding oral modification of that portion of the Plan. Appellant has wholly failed to present the trial court or this court any evidence of any oral modification other than as shown above. Appellant would have us believe that because Appellee paid commissions to Appellant and/or other brokers for leases executed after their employment was terminated, that this constitutes a waiver of that provision providing that no commissions shall be made after termination. This position is totally unsupported by any evidence.

Appellant contends that the Plan is ambiguous in that it provides that it can be modified only in writing, that the waiver of any single provision does not constitute a continuing waiver of that provision, and that the oral modification does indeed modify these written provisions.

██ When a written contract is clear and unambiguous, its provisions must be construed and applied as a matter of law. *Gibson v. Bentley*, 605 S.W.2d 337 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). A contract is ambiguous only when, after the application of established rules of construction, the proper meaning of the contract remains genuinely uncertain. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951). *See Reyna v. Gonzalez*, 630 S.W.2d 439 (Tex.App.—Corpus Christi 1982, no writ). Reyna, like Appellant, attempted to collect real estate listing commissions after the termination of his employment on a contract similar to the one at issue. The court found that there was no question of ambiguity and that the express terms of the contract provided there shall be no right to recover commissions after termination of employment. Appellant further contends that because he raised the question of ambiguity of the contract, he was entitled to a trial by jury. The Supreme Court has ruled that the question of whether or not a contract is ambiguous is not a fact question, but is a question of law for determination by the court. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980).

Appellant's points of error are overruled and the judgment of the trial court is affirmed.