ACCEPTED
05-15-00375-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/11/2015 11:12:26 AM
LISA MATZ
CLERK

No. 05-15-00375-CV

———————————————————

IN THE FIFTH COURT OF APPEALS
DALLAS, TEXAS

———————————————————

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/11/2015 11:12:26 AM
LISA MATZ
Clerk

DIERS JONES & STARK, INC.
Plaintiffs-Appellant


v.


COMERICA BANK
Defendants-Appellee


On Appeal from the 298th District Court of Dallas County, Texas;
Cause No. DC-14-06296

———————————————————

**BRIEF OF APPELLANT
DIERS JONES & STARK, INC.**

———————————————————


JOHN. C. CUNNINGHAM
COUNSELOR AT LAW, P.C.
State Bar No.05240150
5116 Bissonnet #367
Bellaire, Texas 77401
(713) 218-8985 Office
(713) 218-8255 Facsimile
   (713) 703-1552 Cellular
Email: cunningj1@comcast.net

ATTORNEY FOR APPELLANT
DIERS, JONES & STARK, INC.


**IDENTITY OF PARTIES AND COUNSEL**


1

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

A.  John C. Cunningham
    Counselor at Law
    State Bar No.05240150
    5116 Bissonnet #367
    Bellaire, Texas 77401
    (713) 218-8985 Office
    (713) 218-8255 Facsimile
    (713) 703-1552 Cellular
    Email: cunningj1@comcast.net
    ATTORNEY FOR APPELLANT
    DIERS, JONES & STARK, INC.

B.  DIERS, JONES & STARK, INC.
    Ken Diers
    Harry Starks
    9101 Lisa Lane
    Port Arthur, Texas 77640
    APPELLANT


C.  Scott Hayes
    State Bar No. :09280050
    Vincent, Serifino, Lopez, & Jenevein
    1601 Elm Street
    Suite 4100
    Dallas, Texas, 75201
    (214) 979-7400 Office
    (214) 979-7402 Facsimile
    ATTORNEY FOR APPELLEE COMERICA BANK

D.  Comerica Bank

Charles Prack
P.O. Box 650282
Dallas, Texas 75265-0282
APPELLEE

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL …………………………………...2

TABLE OF CONTENTS …………………………………………………….4

TABLE OF AUTHORITIES ………………………………………………6

I. STATEMENT OF THE CASE…………………………………………..9

II. STATEMENT OF THE FACTS........................................................................10

    A. PROCEDURAL HISTORY ........................................................ 10

    B.     FACTUAL BACKGROUND.....................................................................

    11

III. STATEMENT OF THE ISSUES....................................................................15

IV. SUMMARY OF THE ARGUMENT……………………………………16

V. ARGUMENT AND AUTHORITIES …………………………………....17

A.    Whether DJ&S is entitled to Prevail on its Breach of Contract action against Comerica when DJ&S complied with the contract and the contract was drafted by Comerica and Ambiguous…………………………………………………………...17

B.    Whether DJ&S is entitled to pursue its claims for damages from Comerica for fraud and negligent misrepresentation where Comerica represented to DJ&S and DJ&S relied on the representations that Comerica wanted to seize and sell the vessels at auction when Comerica claimed Comerica had cleared the titles to three vessels without Comerica being in the chain of title. …………………………20

C.      Whether DJ&S is entitled to pursue a recovery in quantum meriut when DJ&S partially performed an express contract but was prevented from completing that contract because of Comerica's actions…………………………………………28

D.      Fact Issues Exist Precluding the Issuance of a Motion for Summary Judgment. …………………………………………………………………………31

VI. CONCLUSION…………..…………...…….……………………………....34

CERTIFICATE OF SERVICE………………………………………………35

# TABLE OF AUTHORITIES

**Cases**

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,*
54 Tex. Sup. Ct. J. 822, 830, 341 S.W.3d 323 (Tex. 2011) ……………………....21

*Aquaplex, Inc. v. Rancho la Valencia, Inc.,*
297 S.W.3d 768, 774 (Tex. 2009) (per curiam)…………………………………..21

*De Santis v. Wackenhut Corp.,*
793 S.W.2d 670, 688 (Tex. 1990) ………………………………………………..21

*Stone v. Lawyers Title Ins. Corp.,*
554 S.W.2d 183, 185 (Tex. 1977)…………………………………………………...21

*Federal Land Bank v. Sloane,*
825 S.W.2d 439, 442 (Tex. 1991………………………………………………….25

*Truly v. Austin,*
744 S.W.2d 934, 936 (Tex. 1988)…………………………………………………28

*Vortt Exploration v. Chevron U.S.A.,*
787 S.W.2d 942, 944 (Tex. 1990)…………………………………………………29

*Colbert v. Dallas Joint Stock Land Bank of Dallas,*
129 Tex. 235, 102 S.W.2d 1031, 1034–1035 (1937)…………………………… 30

*Colbert v. Dallas Joint Stock Land Bank of Dallas,*
102 S.W.2d @ 1034–1035 ………………………………………………………….31

*Science Spectrum, Inc. v. Martinez,*
941 S.W.2d 910, 911 (Tex. 1997) ………………………………………….......31

*Harwell v. State Farm Mut. Auto. Ins. Co.,*
896 S.W.2d 170, 173 (Tex. 1995)…………………………………………………32

*Nixon v. Mr. Property Management Co.,*

*690 S.W.2d 546, 548-549 (Tex. 1985)*……………………………………………………….19

*In re Estate of Price,*
*375 S.W.2d 900, 904 (Tex. 1964)*………………………………………………………33

*Mariner Financial Group v. H.G. Bossley,*
*79 S.W.3d 30, 32-33 (Tex. 2002)*……………………………………………………….33

*Gaines v. Hamman,*
*163 Tex. 618, 358 S.W.2d 557, 563 (1962)*…………………………………………….33

*Nixon v. First State Bank of Corpus Christi,*
*540 S.W.2d 817, 820-821 (Tex. Civ. App.--Corpus Christi 1976), writ*
*ref'd n.r.e. per curiam, 544 S.W.2d 378 (Tex. 1976)*…………………………………...32

*J. R. Gray Company v. Jacobs,*
*362 S.W.2d 167, 171 (Tex. Civ. App.--Austin 1962, writ ref'd n.r.e.*………………19

*O'Grady v. Gerald D. Hines, Inc.,*
*683 S.W.2d 763, 765 (Tex. App.--Houston [14th Dist.] 1984, no writ*…………….....20

*Stowers v. Harper,*
*376 S.W.2d 34, 41 (Tex. Civ. App.--Tyler 1964, writ ref'd n.r.e.)*……………….. 20

*Scherer v. Angell,*
*253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)* .................................24

*Abrams Ctr. Nat'l Bank v. Farmer, Fuqua, & Huff, P.C.,*
*225 S.W.3d 171, 174–177 (Tex. App.—El Paso 2005, no pet.)*…………………...25

*Cook Consultants, Inc. v. Larson,*
*700 S.W.2d 231, 235 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)*………………...25

*Walker & Associates Surveying v. Roberts,*
*306 S.W.3d 839, 858 (Tex. App.—Texarkana 2010, no pet.)*……………………..28

*Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.,*
*406 S.W.3d 609, 613–614 (Tex. App.—Eastland 2013, no pet. h.)*………………29

*Bluelinx Corp. v. Tex. Constr. Sys.,*

*363 S.W.3d 623, 627 (Tex. App.—Houston [14th Dist.] 2011, no pet.)*…………..29

*Fulgham v. Fischer*,
349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.)………………………...29

Concept Gen. Contr. v. Asbestos Maintenance,
346 S.W.3d 172, 183 (Tex. App.—Amarillo 2011, pet. denied)…………………29

*Smith v. Pulliam, Inc.*,
388 S.W.2d 329, 331 (Tex. Civ. App.—Fort Worth 1965),
writ ref'd n.r.e. 394 S.W.2d 791 (Tex. 1965)…………………………............30

*Allen v. A & T Transp. Co. Inc.*,
79 S.W.3d 65, 68 (Tex. App.--Texarkana 2002, pet. denied)……………….........31

*Jeter v. McGraw*,
79 S.W.3d 211, 214 (Tex. App.--Beaumont 2002, pet. Denied)………………….31

*In Matter of J.A.M.*,
945 S.W.2d 320, 322 (Tex. App.--San Antonio 1997, no writ)…………………..32

*Bauer v. Jasso*,
946 S.W.2d 552, 556 (Tex. App.--Corpus Christi 1997, no writ)………………...32

Robinson v. Chiarello,
806 S.W.2d 304, 307 (Tex. App.--Fort Worth 1991, den.)……………………….32

Casey v. Amarillo Hosp. Dist.,
947 S.W.2d 301, 303-304 (Tex. App.--Amarillo 1997, den.)……………………33

**Statutes, Rules and Regulations**

Tex. R. Civ. P. 166a(c) …………………………………………………………...32

Restatement (Second) of Torts § 552 …………………………………………….22

# I.

## **STATEMENT OF THE CASE**

This appeal arises out of the denial of a Partial Motion for Summary Judgment filed by Appellant/Plaintiff DIERS, JONES& STARK, INC. (DJ&S) on DJ&S's breach of contract claim against Appellee/Defendant, Comerica Bank (Comerica) and the partial granting of a Motion for Summary Judgment filed by and rendered in favor of Comerica against DJ&S's breach of contract claim on October 17, 2014.

This appeal also arises out of the granting of Appellee/Defendant Comerica's Second Motion for Summary Judgment as to Appellant/Plaintiff DJ&S remaining claims for monetary damages stemming from DJ&S's allegations of Comerica's fraud, negligent misrepresentation and claims for quantum meriut on March 20, 2015. The granting of Comerica's Second Motion for Summary Judgment resulted in the final disposition of the case.

An appeal was perfected by DJ&S by the timely filing of a notice of appeal on March 23, 2015.

# II.

## STATEMENT OF THE FACTS

The following facts are relevant to the issues raised on appeal.

## A.     PROCEDURAL HISTORY

Appellant/Plaintiff DJ&S filed suit against Appellee/Defendant, Comerica alleging breach of contract and fraud on 06-12-2014. CR. 06. An Answer was filed by Comerica on 07-14-2014. CR. 10. Comerica filed a Motion for Summary Judgment on 07-21-2014. CR. 12. DJ&S filed a Motion for Partial Summary Judgment on 07-30-1015.CR 23. Exhibits to support the Motion for Partial Summary Judgment were filed with a Notice of filing on July 31, 2014. CR. 34

A Uniform Scheduling Order was issued on July 30, 2014. CR. 29. The original trial judge issued an Order of Recusal on 07-30-2014. CR. 22. The case was transferred to a new judge by an Order of Transfer on 07-30-2014. CR 32.

DJ&S filed a Response to Comerica's Motion for Summary Judgment with supporting evidence on 08-06-2014. CR. 46. DJ&S filed an Amended Notice of a Hearing for its Partial Motion for Summary Judgment on August 12, 2014. CR. 66. DJ&S filed a Supplement to its Partial Motion for Summary Judgment with additional supporting evidence on 09-25-2014. CR. 68-82. Comerica filed a Response to DJ&S's Motion to Summary Judgment on 10-10-2014.CR. 89. DJ&S filed an Amended Petition alleging new claims for quantum meriut on 09-30-2014. CR. 83. The Court denied DJ&S's Partial Motion for Summary Judgment on 10-

17-2014 CR. 112.The Court granted in part, Comerica's Motion for Summary Judgment on 10-17-2015. CR. 113.

A Request for a Jury Trial was made and the jury fee paid on 01-06-1015. CR. 114. DJ&S filed a Second Amended Petition alleging a new claim for Claim for negligent misrepresentation on 01-13-2015. CR. 117. Comerica filed an Amended Answer on 03-10-2015. CR. 286.

Comerica filed a second Motion for Summary Judgment on 01-23-2015. CR. 125. DJ&S filed a Response to Comerica's second Motion for Summary Judgment with evidence on 03-11-2015. CR. 288. Comerica filed a Reply to DJ&S's Response to Comerica's second Motion for Summary Judgment on 03-19-2015. CR. 302.The Court Granted Comerica's second Motion for Summary Judgment on 03-20-2015. CR. 305.

DJ&S filed a Notice of Appeal on 03-23-2015. CR. 306. A Bill of Costs was filed. CR. 312. The Clerk's record was filed as well. CR. 319.

B.    **FACTUAL BACKGROUND**

It is and was undisputed as stated in the affidavits of Harry Stark in CR. 36-38, CR. 288-290, 298-299, and 300, that on October 5, 2013, Diers, Jones and Stark, Inc. (DJ&S.) accepted an assignment to assist Comerica Bank with taking custody of the three Motor Vessels "TKL BARRIOS", "BEVERLY G. BARRIOS" and "CAPT. LES BARRIOS", following bankruptcy court proceedings at the U. S.

District Court, Eastern District of Louisiana. DJ&S arranged for the vessels to be transferred to the Custody of Washburn Marine Shipyard, and towed the three vessels from Harvey, Louisiana, to Washburn Marine's facility in Morgan City, Louisiana, where the vessels would be hauled out of the water and blocked up ashore, so they could be shown to prospective buyers. When DJ&S was making the arrangements for the care and custody of the three (3) vessels, DJ&S asked Comerica Bank if the U.S. Marshal Service would be meeting DJ&S at Harvey, Louisiana, to legally seize the three (3) vessels, as DJ&S had seen in the past following a bankruptcy. *Id.* The individuals at DJ&S are not lawyers. CR. 300. Comerica advised that they did not want the U. S. Marshal Service involved, due to the expense of their fees. CR. 288 and 300. Additionally, Comerica went on to advise DJ&S that the vessel's titles had already been cleared of any and all liens by the bankruptcy Court. Comerica further advised that they wanted to be able to sell the three (3) BARROIS vessels without having Comerica Bank listed on any of the titles. Comerica advised DJ&S that when the vessels would be sold, the titles would be changed from the previous owner (BARROIS - Five B's) directly to the new buyer.

Following the completion of the assignment to arrange for the transfer of the vessels to the care and custody of Washburn Marine Shipyard, Morgan City, Louisiana, Comerica Bank requested DJ&S prepare a contract for DJ&S to solicit

bids for Comerica Bank to sell the three (3) subject vessels. DJ&S prepared a contract and sent it to Comerica Bank, however Comerica Bank rejected DJ&S's proposed contract. Rather, Comerica Bank had their attorneys draft a new contract and submit the new contract to DJ&S for acceptance and signature. CR. 37.

DJ&S reviewed and signed the new contract that was prepared by Comerica Bank's attorneys, on November 13, 2013. CR. 39-41, to solicit bids by bid request letter, email, internet and publications. Comerica Bank agreed to pay DJ&S a 12% commission for the Comerica Bank accepted bids. CR. 40 para. 11.

DJ&S began soliciting bids on December 9, 2013 and opened the bids on January 10, 2014. After reviewing the bids, DJ&S notified Comerica Bank of the highest bidders. After several telephone conversations, Comerica Bank instructed DJ&S to attempt to obtain higher bids from the highest bidders. DJ&S was able to substantially increase the amount of two of the bids. CR. 37. Upon getting the bids increased, DJ&S forwarded the revised elevated bid amounts to Comerica, who immediately accepted the higher bids. DJ&S was then instructed by Comerica to contact the highest bidders and inform them that their bids were accepted, which DJ&S did. Id. The bids accepted by Comerica are as follows:

M/V "BEVERLY G. BARRIOS" - $ 355,000.00,

M/V "CAPT. LES BARRIOS" - $ 226,000.00; and

M/V "TKL BARRIOS" - $ 90,000.00.

On January 13, 2013, Comerica Bank requested that the vessel buyer(s) wire their funds to Comerica Bank so Comerica Bank could complete the transfer of ownership and bill of sale to the buyers. With Comerica's acceptance of the bids, DJ&S met their contractual obligations as per the Comerica contract such that DJ&S was and is entitled to its full commissions of 12% of$671,000 or $80,520.00. Id.

Despite accepting the three (3) bids, Comerica Bank delayed the completion of the sales through April 2, 2014 by not being able to furnish clean unencumbered titles for the three (3) vessels. Due to Comerica Bank's delays, on or about February 1, 2014, the buyer of the "TKL BARRIOS" withdrew their bid. The buyer of the "BEVERLY G. BARRIOS" and "CAPT. LES BARRIOS" also withdrew their bids on April 22, 2014 due to Comerica Bank's delays and inability to furnish clean unencumbered titles. CR. 37-38.

. Following these new developments, Comerica Bank made arrangements for the three (3) Barrios vessels to be seized and sold by the U. S Marshal Service. CR. 38. On June 4, 2014, Comerica Bank attended the federal marshal sale in Lafayette, Louisiana. Comerica Bank was the buyer of the three (3) vessels. Upon information and belief, Comerica Bank is believed to have obtained the three (3) vessels for $655,000.00, which is $16,000.00 less than DJ&S had the vessels sold

for. CR. 38. As a result of Comerica's delays, DJ&S also incurred post bid acceptance fees and costs to date totaling $5,385.00. CR. 38, 42-45.

## III.

## STATEMENT OF THE ISSUES

**A.      Whether DJ&S is entitled to Prevail on its Breach of Contract action against Comerica when DJ&S complied with the contract and the contract was drafted by Comerica and Ambiguous.**

**B.      Whether DJ&S is entitled to pursue its claims for damages from Comerica for fraud and negligent misrepresentation where Comerica represented to DJ&S and DJ&S relied on the representations that Comerica wanted to seize and sell the vessels at auction when Comerica claimed Comerica had cleared the titles to three vessels without Comerica being in the chain of title.**

**C.      Whether DJ&S is entitled to pursue a recovery in quantum meriut when DJ&S partially performed an express contract but was prevented from completing that contract because of Comerica's actions.**

**D.      Fact Issues Exist Precluding the issuance of a Motion for Summary Judgment**

15

## IV.

## <u>SUMMARY OF THE ARGUMENTS</u>

The District Court erred in denying Appellant/Plaintiff DJ&S's Partial Motion for Summary Judgment on DJ&S's breach of contract claim against Appellee/Defendant Comerica on October 17, 2014, when DJ&S complied with the contract between DJ&S and Comerica and the contract was ambiguous and drafted by Comerica.  The District Court erred in granting Appellee/Defendant, Comerica's Motion for Summary Judgment rendered in favor of Appellee/Defendant, Comerica, against Appellant/Plaintiff DJ&S on October 17, 2015 when the District Court found the contract between DJ&S and Comerica and drafted by Comerica was unambiguous and ruled in favor of Comerica. The District court also erred when it granted Comerica's Motion for Summary Judgment rendered in favor of Appellee/Defendant, Comerica, against Appellant/Plaintiff DJ&S remaining claims on March 20, 2015 when evidence existed to support DJ&S's causes of action against Comerica and numerous fact issues existed as to the claims brought by DJ&S against Comerica.

## V.

## <u>ARGUMENT AND AUTHORITIES</u>

16

**A.** **Whether DJ&S is entitled to Prevail on its Breach of Contract action against Comerica when DJ&S complied with the contract and the contract was drafted by Comerica and Ambiguous.**

DJ&S filed a Motion for summary Judgment against Comerica claiming the plain wording of the agreement shows that DJ&S earned its 12% commission from Comerica. CR. 28, 34-45. Specifically the contract states in paragraph 11 that, **"Comerica agrees to pay DJ&S for the services rendered a commission of twelve percent (12%) of the final bid price from the consummated sale of the vessels accepted by Comerica**." CR. 40.

The highest bid prices were:

M/V "BEVERLY G. BARRIOS" - $ 355,000.000

M/V "CAPT. LES BARRIOS" - $ 226,000.00

M/V "TKL BARRIOS" - $ 90,000.00. CR. 25 and 37.

The total of the highest bids is $671,000.  Id. DJ&S argued that it should be entitled to 12% of the total of the highest bids or $80,520. It should be undisputed that Comerica accepted the bids, however the affidavit of Harry Starks, attached as evidence to the Motion for Summary Judgement also evidences these facts. CR. 37. Comerica took the position that the relevant sentence in the contract is controlled and altered by the wording "from the consummated sale" and the next sentence which states, "The full amount shall be due and payable to DJ&S from

17

the proceeds of the sale of the vessel at the Bid Sale." DJ&S argued the terms "from the consummated sale" and the second sentence of the contract only describe where the money to pay DJ&S may come from, **not** when the commission is fully earned by and due to DJ&S. CR. 26. Such should be decided by the wording "**Comerica agrees to pay DJ&S for the services rendered a commission of twelve percent (12%) of the final bid price. . . ..".** Id.

For the District Court to hold that the terms "consummated sale of the vessels" and the second sentence of the contract rules over the wording "**Comerica agrees to pay DJ&S for the services rendered a commission of twelve percent (12%) of the final bid price. . . .."** would result in DJ&S being defrauded by Comerica, in allowing DJ&S to do the work without any pay from Comerica. Such should not be the result or Texas law, particularly since Comerica's attorney's drafted the contract (CR. 36) and it was Comerica's failure to provide clean titles, not any fault of DJ&S that resulted in the sales failing CR. 36 and 38. This is particularly true since DJ&S instructed Comerica how to obtain and notified Comerica of the common practice for obtaining clear, clean titles of vessels after a bankruptcy. CR. 36. It was Comerica's decision not to go through a U. S. Marshal Service sale even after having their attorney's review the matter and draw up the Comerica contract! DJ&S are not attorney's and did not know the legal

significance of a marshal sale, only that DJ&S had seen it used in the past. CR. 292 and 300.

Contract language is considered unambiguous if it is susceptible to only one meaning after applying the pertinent rules of construction. In such cases, the construction of the contract is a matter of law and extrinsic evidence of the intentions of the parties or of general practice or custom is not necessary or proper. *Nixon v. First State Bank of Corpus Christi, 540 S.W.2d 817, 820-821 (Tex. Civ. App.--Corpus Christi 1976) , writ ref'd n.r.e. per curiam,* [544 S.W.2d 378 (Tex. 1976)](#) *; J. R. Gray Company v. Jacobs, 362 S.W.2d 167, 171 (Tex. Civ. App.--Austin 1962, writ ref'd n.r.e.).* Here, the relevant sentence in the contract is unambiguous and only made ambiguous by the inclusion of the second part of the sentence and the references to a sale in sentence two. The issue of whether a contract is ambiguous is, itself, a question of law *O'Grady v. Gerald D. Hines, Inc., 683 S.W.2d 763, 765 (Tex. App.--Houston [14th Dist.] 1984, no writ.* If there is doubt regarding the construction of a contract, as it is here, the doubt **must be resolved against the party that drafted it.** *Stowers v. Harper, 376 S.W.2d 34, 41 (Tex. Civ. App.--Tyler 1964, writ ref'd n.r.e.).* Here the party that drafted the contract, with the assistance of counsel, was Comerica, not DJ&S.

**B.     Whether DJ&S is entitled to pursue claims for damages from Comerica for fraud and negligent misrepresentation where Comerica represented to**

19

**DJ&S and DJ&S relied on the representations that Comerica had cleared the titles to three vessels without Comerica being in the chain of title such that Comerica wanted to seize and sell the vessels at auction.**

DJ&S brought claims against Comerica for fraud, negligent and intentional misrepresentation CR. 120-121. The Trial Court erred in granting Comerica's Motion for Summary and dismissing DJ&S's actions against Comerica for fraud, negligent and intentional misrepresentation when DJ&S presented evidence to support the claims and fact issues existed as to the claims 298-300, 305. Comerica claimed in its Second Motion for Summary Judgment that DJ&S was not entitled to bring a fraud or misrepresentation claims because DJ&S knew Comerica's misrepresentations were false. CR. 125. Such is not true and was rebutted with evidence. CR. 300.

1.     **Fraud Claim**

Texas law provides that the following actions constitute actionable fraud based on misrepresentation:

(1) a material representation was made;

(2) the representation was false;

(3) when the representation was made, the speaker knew it was false or made it recklessly  without any knowledge of the truth and as a positive assertion;

20

(4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and

(5) the party thereby suffered injury; *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 54 Tex. Sup. Ct. J. 822, 830, 341 S.W.3d 323 (Tex. 2011) ; *Aquaplex, Inc. v. Rancho la Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam); *De Santis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990) ; *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977).

In response to Comerica's Motion for Summary Judgment and the earlier Summary Judgment:

DJ&S presented evidence that Comerica represented to DJ&S that the three vessel's titles had already been cleared of any and all liens by the bankruptcy Court. CR. 62

DJ&S presented evidence that Comerica further advised that they wanted to be able to sell the three (3) BARROIS vessels without having Comerica Bank listed on any of the titles. Id.

DJ&S presented evidence that Comerica advised DJ&S that when the vessels would be sold, the titles would be changed from the previous owner (BARROIS - Five B's) directly to the new buyer. Id.

DJ&S presented evidence that Comerica represented that Comerica had marketable titles (vessels that could be sold at a public auction) to sell the three vessels when it did not. Id.

DJ&S showed that fact issues exist as to whether Comerica knew that it did not have marketable titles. CR. 289.

DJ&S presented evidence that DJ&S knew that Comerica wanted to seize and sell the vessels without Comerica being in the chain of title. CR. 64.

DJ&S presented evidence that although DJ&S knew that Comerica's approach was different from what DJ&S had seen in the past, the effect of Comerica's approach was unknown to DJ&S. CR. 300.

DJ&S showed that fact issues exist as to whether Comerica made false allegations to get DJ&S to enter into the contract Comerica drafted and to have DJ&S first seize and then auction three vessels for sale. CR. 63.

DJ&S presented evidence that DJ&S relied on the misrepresentations by Comerica and entered into the contract with Comerica. Id.

DJ&S presented evidence that DJ&S suffered monetary damages as a result of Comerica's actions. CR, 64.

In response to Comerica's Motion for Summary judgment and the earlier Summary Judgment, DJ&S presented evidence to support the following issues and

that at a minimum fact issues exist to the following issues with respect to DJ&S's fraud cause of action:

(1) whether material representations were made by Comerica; CR. 62

(2) whether the representations made by Comerica were false; Id.

(3) whether Comerica knew the representations it made were false or made them recklessly without any knowledge of the truth and as a positive assertion; Id.

(4) whether DJ&S knew the representations Comerica made were false or made them recklessly without any knowledge of the truth and as a positive assertion; CR. 300.

(5) whether Comerica made the representations with the intent that DJ&S should act upon them; CR. 63

(6) whether DJ&S acted in reliance on the representations; Id. and

(7) whether DJ&S thereby suffered injury. CR. 64

**2.  Negligent Misrepresentation**

DJ&S brought claims against Comerica for negligent misrepresentation. CR. 121. The Trial Court erred in granting Comerica's Motion for Summary and dismissing DJ&S's actions against Comerica for negligent misrepresentation when DJ&S presented evidence to support its claims and fact issues existed as to the claims. CR. 298-300 and 305.

The courts of Texas have recognized the independent tort of negligent misrepresentation, but have restricted it to the business context such as the business that occurred between Comerica and DJ&S here.

(1) The defendant made the representation in the course of its business or in a transaction in which it has a pecuniary interest;

(2) The defendant supplied false information for the guidance of others in their business. See *Scherer v. Angell*, 253 S.W.3d 777, 781 *(Tex. App.—Amarillo 2007, no pet.)* (misrepresentation must relate to some existing fact, not promise or statement as to future conduct);

(3) The defendant did not exercise reasonable care or competence in obtaining or communicating the information; and

(4) The plaintiff suffered pecuniary loss by justifiably relying on the representation.

The above elements of this tort can be found in *Federal Land Bank v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991) and Restatement (Second) of Torts § 552: See Abrams Ctr. Nat'l Bank v. Farmer, Fuqua, & Huff, P.C., 225 S.W.3d 171, 174–177 (Tex. App.—El Paso 2005, no pet.)* (liability for negligent misrepresentation requires that defendant have actual knowledge of third party's reliance on information). The identification of the persons to whom a duty is owed is made by scrutinizing the particular risk to which the victim was subjected, which involves

weighing several factors, including (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the closeness of the connection between the defendant's conduct and the injury suffered; and (4) the potential liability. See *Cook Consultants, Inc. v. Larson, 700 S.W.2d 231, 235 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)*.

In response to Comerica's Motion for Summary Judgment and the earlier Summary Judgment:

DJ&S presented evidence that Comerica represented to DJ&S that the three subject vessel's titles had already been cleared of any and all liens by the bankruptcy Court.  CR. 62

DJ&S presented evidence that Comerica advised DJ&S that Comerica wanted to be able to sell the three (3) BARROIS vessels without having Comerica Bank listed on any of the titles.  Id.

DJ&S presented evidence that Comerica advised DJ&S that when the vessels would be sold, the titles would be changed from the previous owner (BARROIS - Five B's) directly to the new buyer. Id.

DJ&S presented evidence that Comerica represented to DJ&S that Comerica had marketable titles to the three (3) BARROIS vessels (vessels that could be sold at a public auction) when Comerica did not. Id.

DJ&S showed that fact issues exist as whether Comerica knew or should have known that Comerica it did not have marketable titles. CR. 289.

DJ&S presented evidence that the approach Comerica was taking was different from what DJ&S had seen in the past. CR. 300

DJ&S presented evidence that the effect of Comerica's approach was unknown to DJ&S. Id.

DJ&S showed that fact issues existed that Comerica made false allegations to get DJ&S to enter into the contract Comerica drafted and to have DJ&S first seize and then auction the three vessels for sale.  CR. 63.

DJ&S presented evidence that DJ&S relied on the misrepresentations by Comerica and entered into the contract with Comerica. Id.

DJ&S presented evidence that DJ&S has suffered monetary damages as a result of Comerica's actions. CR. 64

In response to Comerica's Motion for Summary judgment and the earlier Summary  Judgment DJ&S presented evidence to support the following issues and that at a minimum fact issues exist to the following issues with respect to DJ&S' negligent misrepresentation cause of action:

DJ&S showed that issues exist with respect to this cause of action:

(1) Whether Comerica made the representations to DJ&S in the course of its business or in a transaction in which it had a pecuniary interest; CR. 62.

(2) Whether Comerica supplied false information to DJ&S for the guidance of DJ&S in its business; Id.

(3) Whether Comerica did not exercise reasonable care or competence in obtaining or communicating the information to DJ&S; Id and 64.

(4) whether DJ&S knew the representations Comerica made were false or made them recklessly without any knowledge of the truth and as a positive assertion; CR. 63-64 and

(5) Whether DJ&S suffered pecuniary loss by justifiably relying on the representation. CR. 64.

**C.  Whether DJ&S is entitled to pursue a recovery in quantum meriut when DJ&S partially performed an express contract but was prevented from completing that contract because of Comerica's actions.**

DJ&S brought claims in quantum meriut against Comerica for recovery for the reasonable value of the services DJ&S rendered to Comerica and Comerica accepted.  CR. 120. The Trial Court erred in granting Comerica's Motion for Summary and dismissing DJ&S's actions against Comerica for recovery for the reasonable value of the services DJ&S rendered to

27

Comerica and Comerica accepted when DJ&S presented evidence to support the claims and fact issues existed as to the claims. CR. 298-300.

Comerica argued that Texas Law does not allow for recovery in quantum meriut when there is an express contract. CR. 134. However, DJ&S responded to Comerica's Motion for Summary Judgment by showing that Texas law **does provide a quantum meriut** cause of action, such as DJ&S's, **is** allowed when a plaintiff, such as DJ&S has partially performed an express contract but is prevented from completing that contract because of the defendant's, such as Comerica's, breach. CR. 294-295. *See Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988); Walker & Associates Surveying v. Roberts, 306 S.W.3d 839, 858 (Tex. App.—Texarkana 2010, no pet.)*.

Under Texas law, a plaintiff asserting a quantum meruit claim based on a contract must establish that:

1. Valuable services were rendered or materials were furnished;

2. The services were rendered for the recipient sought to be charged;

3. The services and materials were **accepted** by the person sought to be charged; and

4. The services and materials were accepted under such circumstances as reasonably notified the defendant/recipient that the plaintiff, in performing the services, expected to be paid by the recipient.

28

The above cause of action can be found in *Vortt Exploration v. Chevron U.S.A., 787 S.W.2d 942, 944 (Tex. 1990); Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P., 406 S.W.3d 609, 613–614 (Tex. App.—Eastland 2013, no pet. h.); Bluelinx Corp. v. Tex. Constr. Sys., 363 S.W.3d 623, 627 (Tex. App.—Houston [14th Dist.] 2011, no pet.);* [Fulgham v. Fischer, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.)](#); *Concept Gen. Contr. v. Asbestos Maintenance, 346 S.W.3d 172, 183 (Tex. App.—Amarillo 2011, pet. denied).*

### 1. DJ&S was prevented from completing the contract by Comerica's actions.

In its response to Comerica's Motion for Summary Judgment, DJ&S showed that fact issues existed as to whether DJ&S was prevented from fully performing because Comerica had not cleared the titles to the three (3) BARROIS vessels in bankruptcy, thus resulting in the winning bidders eventually withdrawing their bids. CR. 294.

Accordingly fact issues exist as to:

1. Whether Comerica had properly cleared the titles to the three (3) BARROIS vessels in bankruptcy;

2. Whether Comerica's actions prevented DJ&S from fully performing.

### 2. Comerica accepted the services provided by DJ&S.

DJ&S also showed in its Response to Comerica's Motion for Summary Judgment, that Texas law only requires that a defendant, such as Comerica, either accepted the services **or** accepted the benefit of the services. CR. 294-295. *Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031, 1034–1035 (1937).* An example of the acceptance of services may consist of work performed for the defendant/recipient of the services with the recipient's knowledge and consent. *Smith v. Pulliam, Inc*., 388 S.W.2d 329, 331 (Tex. Civ. App.—Fort Worth 1965), writ ref'd n.r.e. 394 S.W.2d 791 (Tex. 1965).

Comerica had argued that Texas law requires that the defendant benefited from the services provided. This is not the law. **There is no requirement in Texas law, that the defendant benefited from the services provided.** *Colbert v. Dallas Joint Stock Land Bank of Dallas, 102 S.W.2d @ 1034–1035.*

D.     **FACT ISSUES EXIST PRECLUDING THE ISSUANCE OF A MOTION   FOR SUMMARY JUDGMENT**

In order for a Movant, such as Comerica, to obtain a Summary Judgment they must establish that no genuine issue of fact exists, justifying a "take-nothing" judgment as a matter of law, by negating at least one of the key elements of each of the claimant's theories of recovery. *See Science Spectrum, Inc. v. Martinez, 941*

*S.W.2d 910, 911 (Tex. 1997); Allen v. A & T Transp. Co. Inc., 79 S.W.3d 65, 68*

*(Tex. App.--Texarkana 2002, pet. denied); Jeter v. McGraw, 79 S.W.3d 211, 214*

*(Tex. App.--Beaumont 2002, pet. Denied.* To prevail on a motion claiming

entitlement to summary judgment as a matter of law, the movant must offer

admissible evidence proving that no genuine issue of material fact exists and that

the movant is entitled to judgment as a matter of law on the issues expressly set out

in the motion. *Tex. R. Civ. P. 166a(c)*. Such is not the case here. Evidence was

presented by DJ&S, not Comerica, that numerous fact issues exist which supported

DJ&S's causes of actions.

This Appeals Court analyzing the evidence must apply the same principles in

assessing the movant's entitlement to summary judgment. See *In Matter of J.A.M.,*

*945 S.W.2d 320, 322 (Tex. App.--San Antonio 1997, no writ)*. Courts have stated

these principles include the following:

(1) Any fact sought to be established (or negated) conclusively must be one

ordinarily subject to absolute verification or denial. **Matters such as intent,**

**reliance, and reasonable care usually cannot be proved conclusively.** See

*Bauer v. Jasso, 946 S.W.2d 552, 556 (Tex. App.--Corpus Christi 1997, no*

*writ)*. Emphasis added.

(2) **Evidence favoring the non-movant will be taken as true, with**

**reasonable inferences indulged and doubts resolved in the non-movant's**

**favor**. See *Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995),* and *Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985)*. Emphasis added.

(3) **Evidence favoring the movant will not be considered if it is controverted by the non-movant.** See *Robinson v. Chiarello, 806 S.W.2d 304, 307 (Tex. App.--Fort Worth 1991, den.)* Stated another way, uncontroverted evidence favoring the movant will be taken as true. See *Casey v. Amarillo Hosp. Dist., 947 S.W.2d 301, 303-304 (Tex. App.-- Amarillo 1997, den.)*. Emphasis added. This is the case here.

The Texas Supreme Court has often said that caution should be used when considering summary disposition of all or part of a litigant's cause of action or defense. The Court has said that summary judgment procedure is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact, if there is some doubt as to the facts, summary judgment should not be rendered, despite the desire for prompt disposal of judicial business. See *In re Estate of Price, 375 S.W.2d 900, 904 (Tex. 1964)*; See *e.g., Mariner Financial Group v. H.G. Bossley, 79 S.W.3d 30, 32-33 (Tex. 2002).* The Court has explained that summary judgment is not intended to be a trial by depositions and affidavits, rather, it is a device to determine whether genuine

issues exist for determination by the trier of fact. See *Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 563 (1962)*.

Here, DJ&S showed that DJ&S was entitled to a commission or in the alternative that genuine facts exist as to whether the contract between DJ&S and Comerica was drafted by Comerica and was ambiguous. Further, DJ&S showed that numerous genuine facts existed as to whether Comerica committed fraud and negligent misrepresentation as well as DJ&S's quantum meriut claim so as to preclude Summary Judgment. **Also, no evidence was presented by Comerica or to rebut DJ&S assertion that DJ&S did not know Comerica's representations were false**. Further, there is no requirement under Texas law that Comerica had to benefit from DJ&S's services for DJ&S to prevail in a quantum meriut claim, only that Comerica accepted the services.

## VI.

## <u>CONCLUSION</u>

Based on the reasons and law set forth above, Appellant/Plaintiff DIERS, JONES& STARK, INC. (DJ&S) requests the Judgments of the Trial Court be reversed in all respects and that a judgment be rendered in Appellant/Plaintiff DIERS, JONES& STARK, INC. (DJ&S) favor and the case be remanded back to

the District Court for a determination of attorney's fees to be awarded DJ&S, if any, or in the alternative, that this entire case be remanded for a trial on the merits.

Respectfully submitted,

S/John C. Cunningham
John C. Cunningham
Counselor at Law
State Bar No.05240150
5116 Bissonnet #367
Bellaire, Texas 77401
(713) 218-8985 Office
(713) 218-8255 Facsimile
(713) 703-1552 Cellular
Email: cunningj1@comcast.net
COUNSEL FOR APPELLANT
DIERS, JONES & STARK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument and the clerk's record were served in compliance with the Texas Rules of Appellant Procedure on this 11th day of June 2015.

Scott Hayes                                                  *Via  email and overnight*
Vincent, Serifino, Lopez, & Jenevein                        *mail*
1601 Elm Street
Suite 4100

Dallas, Texas, 75201

S/ John C. Cunningham
John C.  Cunningham