Luis F. DE LA GARZA, Jr. (In the Interest of S.A.D.)

v.

Sarah SALAZAR.

No. 04–92–00099–CV.

Court of Appeals of Texas, San Antonio.

March 24, 1993.

Julio A. Garcia, Laredo, for appellant.

Tod L. Adamson, Asst. Atty. Gen., Austin, Charles R. Lepley, Asst. Atty. Gen., Temple, for appellee.

Before BUTTS, PEEPLES and CARR,[1] JJ.

## OPINION

PEEPLES, Justice.

Appellant Luis De La Garza, Jr. appeals from a judgment declaring him to be the father of a child and ordering him to pay child support. He challenges the admission of the written blood-test report and the appropriateness of certain relief granted in the support order. We affirm.

The child's mother brought this suit to establish paternity and to obtain child support. Appellant denied paternity, and after pre-trial proceedings the court ordered blood testing. The court received the test results at a pre-trial conference and admitted the written report at the jury trial.

---

1. Justice Ron Carr not participating.

The jury also heard the mother's version of the pertinent liaison and appellant's denials of it. The jury found that appellant is the child's father, and the court rendered judgment on the verdict. After a later nonjury hearing, the court ordered appellant to pay child support and provide certain health benefits.

■■ Appellant first challenges the court's admission of the written blood-test report as hearsay, arguing that the business records predicate was not laid. We reject this argument because § 13.06(b) of the family code makes such reports admissible irrespective of the usual hearsay principles: "A verified written report of a paternity testing expert is admissible at the trial as evidence of the truth of the matters it contains." *See* TEX.FAM.CODE ANN. § 13.-06(b) (Vernon Supp.1993). In § 13.06(b) the legislature has made verified written reports admissible to prove the truth of their contents even if they would otherwise be inadmissible hearsay. The offering party need only offer a report that is verified, in writing, and made by a paternity testing expert; there is no need to lay the business records predicate.

■■ Appellant next complains that the court improperly ordered him to provide health insurance in the future without regard to his future employment or the availability of insurance. We reject this argument. The family code contemplates that the court will order health insurance for the child. *See Thompson v. Thompson,* 827 S.W.2d 563, 568 (Tex.App.—Corpus Christi 1992, writ denied); *State v. Hernandez,* 802 S.W.2d 894, 896–97 (Tex. App.—San Antonio 1991, no writ); TEX. FAM.CODE ANN. §§ 14.053(d) and 14.061 (Vernon Supp.1993). Trial courts need not anticipate and provide for all possible changes in the parties' circumstances; they must establish the rights and duties of the parties based on the evidence at trial. The family code recognizes that a party's circumstances may change. When that happens, he must bring a motion to modify under TEX.FAM.CODE ANN. § 14.08 (Vernon 1986 & Supp.1993).

■■ We also reject appellant's challenge to the court's order that he pay one-half of the child's uninsured dental and medical expenses. The order was authorized by *Crume v. Crume,* 768 S.W.2d 14 (Tex. App.—Fort Worth 1989, no writ), and TEX. FAM.CODE ANN. § 14.054(10) (Vernon Supp. 1993) ("court shall consider all relevant factors, including ... provision for health care insurance and payment of uninsured medical expenses").

■■ Appellant is incorrect in contending that the court had no power to make his obligations enforceable against his estate in the event of his death. *See Fanning v. Fanning,* 828 S.W.2d 135, 151 (Tex. App.—Waco 1992), *aff'd in part, rev'd in part on other grounds,* 847 S.W.2d 225 (Tex.1993). Under § 14.05(d) of the family code, a decree may provide that the support-paying parent's death will not terminate the support obligation. TEX.FAM.CODE ANN. § 14.05(d) (Vernon 1986).

■■ Similarly the court had the power to order that direct payments and money spent on the child during periods of possession would not count toward the child support. *See* TEX.FAM.CODE ANN. § 14.41(c) (Vernon 1986).

■■ In his remaining points of error, appellant contends there is no evidence to support the court's rulings concerning support, health insurance, and payment of uninsured medical bills. He also argues that the court did not require evidence of the $2,125.50 in hospital bills and pre-natal and post-natal care that the court ordered him to pay. There is indeed no formal sworn evidence to support these rulings because appellant's counsel consented to litigate these issues informally at the bench without sworn witnesses.

At a nonjury hearing after the jury verdict, the attorneys agreed to discuss the matter informally with the court and to present evidence later if necessary. Appellant's counsel asked the court to let the attorneys explain the situation to the court. The court replied: "Without evidence?" Appellant's counsel replied: "Well, at this time, Your Honor, if we can resolve it

without the putting on of evidence, that's fine; if not then I guess we're going to need an evidentiary hearing, Your Honor." The lawyers then reviewed with the court the various figures bearing upon support. The hearing lasts for 30 pages in the statement of facts. No one objected or expressed the slightest dissatisfaction with this procedure, which has become a common way of presenting facts that are essentially undisputed in brief nonjury hearings.

We hold that appellant consented to present the facts informally to the court and waived the right to insist on formal presentation of sworn testimony. After much discussion with the parties and with no objection from them, the court decided to split a $2219 hospital bill 50–50, assessing $1,109.50 against appellant. The court then assessed $916 in other pre-and post-natal expenses against appellant. Those amounts support a judgment for $2,025.50 against appellant. (The judgment for $2,125.50 appears to result from an error in addition.) As the court reasoned through these figures, appellant's counsel repeatedly said, "Okay" and "That's fine." Counsel clarified the arithmetic at one point, but did not object to the figures or the fact that appellant would pay them.

■■■■ It is true that at the end of the hearing, counsel *for the mother* asked to present evidence of the medical bills in the event of an appeal; at this point appellant's counsel simply expressed doubt that a witness was available. But at no time did appellant's counsel insist that there be formal evidence, claim that he was denied an opportunity to challenge the figures, or deny that his client owed them. Under these circumstances, by failing to object to the informal presentation of evidence appellant has not preserved the right to complain about the absence of sworn evidence. *See* Tex.R.Civ.Evid. 103; Tex.R.App.P. 52(a). To hold otherwise would permit a litigant to acquiesce in an informal recitation of essentially undisputed evidence, obtain a ruling, and then later appeal and argue lack of sworn evidence. By failing to object, even a criminal defendant may waive the right to have witnesses sworn. *Beck v. State,* 719 S.W.2d 205, 211–12 (Tex. Crim.App.1986). And a hearsay objection is also waived if not asserted in the trial court. Tex.R.Civ.Evid. 802. We do not review here a default judgment resting on unsworn statements of an attorney. *See Bloom v. Bloom,* 767 S.W.2d 463, 470–71 (Tex.App.—San Antonio 1989, writ denied). We note also that urging this ground in the motion for new trial cannot cure a failure to object at trial. Tex.R.App.P. 52(a).

We reform the judgment for hospital and pre- and post-natal expenses to the amount of $2,025.50, the amount shown by the evidence. As reformed, the judgment is affirmed.