945 S.W.2d 320 (1997)
In the Matter of J.A.M., a Minor Child.
No. 04-96-00255-CV.
Court of Appeals of Texas, San Antonio.
April 30, 1997.
*321 Julio A. Garcia, Law Offices of Julio A. Garcia, Laredo, for appellant.
George M. Barnes, John B. Worley, Assistant Attorney General, Child Support Division, Austin, for appellee.
Before DUNCAN and ANGELINI, JJ., and RON CARR, Justice.[1]
RON CARR, Justice (Assigned).
This is an appeal from a partial summary judgment establishing paternity. In two points of error, appellant, Francisco Martinez (Francisco), who was found to be the biological father of the child in question, argues that one of the paternity testing reports was inadmissible hearsay and that the summary judgment proof did not support a partial summary judgment on the paternity issue. We affirm.
The record reflects that in 1994, the Attorney General filed a petition to establish Francisco as the father of a child of Judith Dianne Martinez (Judith). The Attorney General filed a motion for partial summary judgment on the issue of paternity, and Francisco filed a response. The summary judgment proof was as follows:
The child was born on October 7, 1992. According to Judith, she and Francisco had sexual intercourse during the probable period of the child's conception. Francisco acknowledged that he had been having intercourse with Judith from October, 1990 through March, 1992. Judith told Francisco that she was pregnant in January, 1992. Two DNA blood tests showed that Francisco is not excluded from being the father and that at least 99% of the male population is excluded.
*322 In his summary judgment affidavit and in deposition testimony, Francisco asserted that he could not have been the father because (1) Judith had told him that she was using birth control pills and (2) because Judith was having sexual relations with three other men, Trinidad Martinez, Jr., Ricardo Perez, and Antonio Mora, during the probable period of conception. Although the Attorney General had alleged that Trinidad Martinez was the presumed father under former Texas Family Code § 12.02(a) (current version at Tex.Fam. Code Ann. § 151.002(a) (Vernon 1996))[2], DNA blood tests excluded any possibility that one of these three men was the father. Nothing in the record indicates that Francisco objected to any of the Attorney General's summary judgment proof.
The trial court granted a partial summary judgment finding Francisco to be the father on November 6, 1995. On March 4, 1996, the court entered an Order Establishing the Parent-Child Relationship, finding Francisco to be the father and disposing of the support, conservatorship and visitation issues.

Standard of Review
An appellate court reviews a summary judgment de novo. State of Texas v. Southoaks Development Co., 920 S.W.2d 330, 334 (Tex.App.San Antonio 1995, writ denied). To uphold a summary judgment, the appellate court must conclude that the movant established that there was no genuine issue of material fact and that he or she was entitled to judgment as a matter of law. Id.

Discussion
In his first point of error, Francisco objects for the first time on appeal to one of the paternity blood test reports. Francisco argues that the report verified by Deborah L. Cutter was hearsay and that the Attorney General failed to lay a predicate for the business records exception because Dr. Cutter "was not the expert who compiled the report, conducted the tests, supervised the tests and/or even remotely collaborated in taking the tests." On this basis, Francisco contends that the trial court should not have considered Dr. Cutter's report as summary judgment proof.
Appellant's argument, however, overlooks the Texas statute that makes paternity testing reports admissible even without the establishment of the business records exception. TEX.FAM.CODE ANN. § 160.109(b) (Vernon 1996) provides that "[a] verified written report of a parentage testing expert is admissible at the trial as evidence of the truth of the matter it contains." In this statute, "the legislature has made verified written reports admissible to prove the truth of their contents even if they would otherwise be inadmissible hearsay. The offering party need only offer a report that is verified, in writing, and made by a paternity testing expert; there is no need to lay the business records predicate." De La Garza v. Salazar, 851 S.W.2d 380, 382 (Tex.App. San Antonio 1993, no writ). Dr. Cutter, a paternity testing expert verified her written report. The other written paternity report relating to Francisco's paternity, which Francisco does not challenge, contained the verification of Dr. Elizabeth Panke, also a paternity testing expert. "[A] verified, written report of a paternity testing expert is admissible at the trial as evidence of the truth of the matter it contains." Id. (quoting Tex.Fam.Code Ann. § [160.109(b) (Vernon 1996) ]). Hence, both of these reports were admissible at trial as summary judgment proof. De La Garza, 851 S.W.2d at 382.
In addition, Francisco failed to preserve error regarding the paternity testing reports by failing to object to them. Even inadmissible hearsay in a summary judgment affidavit has probative value if the opposing party failed to object to it. Casas v. Gilliam, 869 S.W.2d 671, 673 (Tex.App.San Antonio 1994, no writ).
Finally, even if these reports could not be regarded as probative, the key facts stated in them are established elsewhere in the summary judgment proof. Drs. Cutter *323 and Panke both state in their depositions on written questions that the blood tests did not exclude Francisco but did exclude 99% of the male population. Depositions used in the same proceeding are not hearsay, TEX.R.CIV. EVID. 801(e)(3), Tex.R.Civ.Proc. 207, and expert testimony is admissible even if its underlying basis is not where the underlying facts or data are of the sort that experts in that field reasonably rely on. Moreover, Francisco admitted in his deposition that the blood tests he had taken showed a probability, and hence a fortiori a possibility, that he was the father.
The essential fact contained in the blood test reports themselves, that paternity testing showed that Francisco is not excluded and that 99% of the male population is, can thus be found in other parts of the record. Hence, even if Dr. Cutter's paternity test report attached to her deposition was disregarded, that would not in itself compel setting aside the summary judgment for the reasons requested in appellant's first point of error. Appellant's first point of error is denied.
Francisco argues in his second point of error that the summary judgment proof was insufficient to support the partial summary judgment. Specifically, Francisco argues that his denial that he is the biological father contained in his deposition and in his affidavit attached to his response to the motion for summary judgment, creates a fact issue. We disagree.
TEX.FAM.CODE ANN. § 160.110(b) (Vernon 1996) provides that:
If the parentage tests show the possibility of an alleged father's paternity and that at least 99 percent of the male population is excluded from the possibility of being the father, evidence of these facts constitutes a prima facie showing of an alleged father's paternity, and the party opposing the establishment of the alleged father's paternity has the burden of proving that the alleged father is not the father of the child.
In section 160.110(b), the term "prima facie case" is equivalent to "rebuttable presumption." The prima facie case established by the tests shifts the burden to the opposing party to disprove paternity. This burden-shifting effectively creates a presumption of paternity. See County of Alameda v. Smith, 867 S.W.2d 767, 768-69 (Tex.1993); see also GMC v. Saenz, 873 S.W.2d 353, 359 (Tex.1993) (effect of presumption is "to shift the burden of producing evidence to the party against whom it operates"). Because contrary evidence can overcome the test results, the presumption is rebuttable rather than conclusive.
If a movant for summary judgment establishes a rebuttable presumption of the fact it needs to prove to prevail and the non-movant fails to produce controverting evidence, the movant is entitled to summary judgment. See Maewal v. Adventist Health Systems, 868 S.W.2d 886, 891-92 (Tex.App. Fort Worth 1993, writ denied); First National Bank of Libby, Montana v. Rector, 710 S.W.2d 100, 103 (Tex.App.Austin 1986, writ ref'd n.r.e.); Callaway v. Mahaguna, 620 S.W.2d 794, 795-96 (Tex.Civ.App.El Paso 1981, no writ). Hence, a presumption of paternity established by a genetic test is sufficient to support a summary judgment unless the opposing party has produced enough clear and convincing evidence to rebut it. See Attorney General of Texas v. Duncan, 929 S.W.2d 567, 570 (Tex.App. Forth Worth 1996, no writ).
Our summary judgment record reflects the Attorney General presented summary judgment proof of paternity test results showing that Francisco was not excluded from being the father of the child and that 99% of the male population was excluded. Francisco's response to the genetic test evidence was that he could not have been the father because Judith had told him that she was using birth control pills and because Judith was having sexual relations with three other men, Trinidad Martinez, Jr., Ricardo Perez, and Antonio Mora, during the probable period of conception. But DNA blood tests excluded as a matter of law any possibility that one of these three men was the father. See Murdock v. Murdock, 811 S.W.2d 557, 560 (Tex. 1991); Tex.Fam.Code Ann. § 160.110(d) (Vernon 1996). And if it is assumed that Judith was using birth control pills during the time that she and Francisco were having *324 sexual relations, that would tend to prove that she could not have conceived at all, rather than that Francisco was not the father. But it is undisputed that Judith did in fact conceive a child during the period she and Francisco were sexually involved.
Francisco's summary judgment proof therefore failed to rebut the presumption of paternity established by the DNA evidence. His denial of paternity by itself was no rebuttal. And the presumption of paternity must be rebutted by clear and convincing evidence. Tex.Fam.Code Ann. § 160.110(a) (Vernon 1996); In re S.C.V., 750 S.W.2d 762, 764 (Tex.1988). His response to the summary judgment motion adduced no independent facts tending to show non-paternity. The Attorney General's summary judgment proof consequently established Francisco's paternity as a matter of law. As a result, summary judgment was in order.
In summary, we hold that the DNA blood test established a rebuttal presumption that Francisco was the father; that unrebutted rebuttable presumption of paternity established by such blood tests can support a summary judgment establishing paternity; that Francisco failed to rebut the presumption raised by the blood test by clear and convincing summary judgment evidence and thus summary judgment was appropriate. Appellant's second point of error is denied.
Summary judgment is affirmed.
NOTES
[1] Assigned to this case by the Chief Justice of the Supreme Court of Texas.
[2] The Family Code was reorganized and recodified by the Texas Legislature in 1995. See Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen.Laws 113. All references to the Family Code will be to the new version of the Code.