**Affirmed and Memorandum Opinion filed November 1, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00143-CV

_____

**NOEMY LANDAVERDE, Appellant**

**V.**

**THE ESTATE OF HABIBOLLAH ABEDINZADEH, Appellee**

**On Appeal from Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 358,163**

## MEMORANDUM   OPINION

Appellant, Noemy Landaverde, appeals a summary judgment on her claim to establish common-law marriage to Habibollah Abedinzadeh.[1]   We affirm.

---

[1] Although the summary judgment is partial in that it does not dispose of the entire probate proceeding, we have jurisdiction to consider appellant's appeal because the proceeding to determine the propriety of appellant's common-law marriage claim is not a proceeding that may logically be considered a part of the complete heirship proceeding.  *See* Tex. Prob. Code Ann. § 5(g); *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

**Background**

Habibollah Abedinzadeh died on July 8, 2005. On October 17, 2006, Mehdi Abedinzadeb was appointed administrator of the estate. On January 20, 2010, appellant, Noemy Landaverde, filed a notice of appearance, and asserted interest in the estate of Abedinzadeh. Appellant alleged that she was the widow of Abedinzadeh having been married to him for more than eight years through a common-law marriage.

On December 8, 2010, appellee, Maria de los Angels Ruiz, filed a motion for traditional summary judgment and a motion for no-evidence summary judgment in which she alleged appellant failed to produce evidence that she was married to Abedinzadeh, or that there was no genuine issue of material fact as to whether appellant and Abedinzadeh were married. Attached to the motion for summary judgment was appellant's deposition in which she admitted that she had been ceremonially married to Fausto Ramirez on March 8, 2001. Appellant claimed to have been married by common-law marriage to Abedinzadeh in 1992 when they began to live together. Also attached to the motion is a warranty deed in which appellant and Ramirez purchased property as husband and wife. Appellant produced no evidence in response to Ruiz's motion for summary judgment, and on January 4, 2011, the trial court granted the summary judgment on no-evidence grounds.

On January 10, 2011, appellant filed a motion for rehearing of the motion for summary judgment. Attached to her motion for rehearing is a "Motion to Contest Hearing," in which appellant claimed she was married to Abedinzadeh pursuant to section 2.401(2) of the Texas Family Code, that all necessary documentation was filed with the court to establish the marriage, and that she and Abedinzadeh lived together as husband and wife and represented to others that they were married. She also stated that her marriage to Ramirez was not legal because at the time she married Ramirez she was still married to Abedinzadeh. In the clerk's record filed on appeal there is a copy of a United States income tax return filed jointly by appellant and Abedinzadeh for the 2002 tax year.[2]

---

[2] The preparation date listed on the tax return is September 25, 2009.

This tax return does not appear to have been part of appellant's summary-judgment response. Also in the clerk's record is a letter from the Harris County Toll Road Authority addressed to appellant and Abedinzadeh, dated June 15, 2000, giving notice that they have outstanding tolls and charges.

## Standard of Review

We review de novo a trial court's grant of summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d. 642, 644 (Tex. 2009). In a no-evidence motion for summary judgment, the movant must specifically state the elements as to which there is no evidence. *Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The trial court must grant the motion unless the respondent produces summary-judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). However, the respondent is "'not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.'" *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (quoting Tex. R. Civ. P. 166a cmt).

Under the traditional summary-judgment standard of review, a movant has the burden to show there are no genuine issues of material fact, and she is entitled to judgment as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A movant is entitled to summary judgment only if she conclusively proves all essential elements of her claim. *Johnston v. Crook*, 93 S.W.3d 263, 273 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

If the proponent of the marriage does not commence a proceeding to prove the marriage within two years of the date on which the parties to the alleged marriage separated and ceased living together, there is a rebuttable presumption the parties did not enter into an agreement to be married. Tex. Fam. Code Ann. § 2.401(b); *Amaye v. Oravetz*, 57 S.W.3d 581, 584 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The effect of a presumption is to force the party against whom it operates to produce evidence to negate

3

the presumption. *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). At summary judgment, that means the resisting party must come forward with evidence sufficient to neutralize the effect of the presumption in order to properly allow the case to proceed to trial. *See, e.g., In re J.A.M.*, 945 S.W.2d 320, 323 (Tex. App.—San Antonio 1997, no writ) (affirming summary judgment where paternity test militated in mother's favor and father presented no evidence to rebut presumption of paternity).

## Common-Law Marriage

In a single issue, appellant contends the trial court erred in granting summary judgment by failing to find that she rebutted the presumption in section 2.401 of the Texas Family Code. Section 2.401 of the Texas Family Code provides in pertinent part:

> (a) In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:
>
>> (1) a declaration of their marriage has been signed as provided by this subchapter; or
>>
>> (2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.
>
> (b) If a proceeding in which a marriage is to be proved as provided by Subsection (a)(2) is not commenced before the second anniversary of the date on which the parties separated and ceased living together, it is rebuttably presumed that the parties did not enter into an agreement to be married.

Tex. Fam. Code Ann. § 2.401(a)(2) & (b).

Appellant, as the proponent of the marriage, had the burden of proof on all elements. *Lewis v. Anderson*, 173 S.W.3d 556, 559 (Tex. App.—Dallas 2005, pet. denied). An agreement to be married may be established by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). In *Russell*, the supreme court considered the legislature's repeal in 1989 of a provision permitting agreement to be inferred from

4

cohabitation and representations.[3] The court held that the repeal did not bar use of circumstantial evidence, but did require such evidence to be "more convincing" than before:

> If evidence of an express agreement to marry is not offered, the fact finder will have to treat the facts of cohabitation and holding-out as circumstantial evidence of the agreement in order to find a tacit agreement to be married. This process is, however, virtually identical to the prior process of inference. But by repealing the provision authorizing the fact-finder to infer an agreement from proof of two elements of an informal marriage, the legislature has not excluded a finding of a tacit agreement to be married. In making such a finding, however, it seems that the evidence of holding-out must be more convincing than before the 1989 [amendment].

*Id.* at 932.

Evidence of cohabitation and representations that the couple is married may constitute circumstantial evidence of an agreement to be married, but "the circumstances of each case must be determined based upon its own facts." *Id.* To establish the element of an agreement to be married, the evidence must show the parties intended to have a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife. *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

The only arguable evidence in the record of an agreement to be married was contained in appellant's deposition testimony attached to appellee's motion for summary judgment. In that testimony, appellant stated:

> Q. Have you ever taken a position that you were married to Habib prior to your birthday in 1993?

---

[3] Prior to the 1989 amendment, section 1.91 of the Texas Family Code provided that "(b) ... [T]he agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married." Act of May 31, 1969, 61st Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2707, 2717, amended by Act of May 29, 1989, 71st Leg., R.S., ch. 369, § 9, 1989 Tex. Gen. Laws 1458, 1461. Following the 1989 amendment, section 1.91 provided that "(a) the marriage ... may be proved by evidence that: ... (2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." *Id.*

A.  I don't remember.

Q.  Do you recall signing an affidavit wherein you said you were the wife of Habib and you were married to him since 1992?

A.  Yes, because it was '92, '93, you know.

* * * * *

Q.  Okay.  When did you specifically begin this marriage, the date?  I want to know when the marriage began.

A.  It was '92, we were dating '92.

Q.  Okay.  Well, I can date a lot of girls.

A.  Uh-huh.  '92.

Q.  It doesn't mean I'm married.  I want to know —

A.  And for my birthday we were already together because I have the picture and we were living together.  So, it must have been December of '92.

Q.  Okay.  What day in December, '92, did y'all formally get married?

A.  At the end of December.

Q.  When did y'all — you understand, common-law marriage —

A.  I don't remember.

Appellant also testified that she had a marriage license dated March 8, 2011, stating that she was married to Fausto Rodriguez.  In filling out the application for the marriage license, appellant stated that she was not married at that time.  When questioned about this statement in her deposition, appellant testified that she lied on the application because at the time she did not know she needed a legal divorce from a common-law marriage.  She testified that she was informally married to Abedinzadeh, but thought she was divorced from him because they no longer lived together.

Appellant has not come forward with evidence sufficient to neutralize the effect of the presumption in order to properly allow the case to proceed to trial.  Appellant's

6

testimony is not evidence of an agreement to marry. Further, any evidence that appellant presented showing a representation of marriage, or "holding out" is just as consistent with other relationships as with marriage. Representations may be shown by conduct rather than spoken words, but inherent in the concept is behavior intended as a communication to third parties. *Lee v. Lee*, 981 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (requiring representations to public by both parties to establish common-law marriage).

Moreover, a person may not be a party to an informal marriage or execute a declaration of an informal marriage if the person is presently married to a person who is not the other party to the informal marriage. Tex. Fam. Code Ann. § 2.401(d). The documents appellant alleged prove her common-law marriage were filed after her ceremonial marriage to Ramirez. "The act of one of the parties to an alleged common-law marriage in celebrating a ceremonial marriage with another person, without having first obtained a divorce, tends to discredit the first relationship and to show that it was not valid." *Small v. McMaster*, No. 14-09-01080-CV___ S.W.3d ___, ___ 2011 WL 5008412, *6 n.4 (Tex. App.—Houston [14th Dist.] Oct. 20, 2011, no pet. h.) (citing *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 166 (Tex. 1981); *Flores v. Flores*, 847 S.W.2d 648, 652 (Tex. App.—Waco 1993, no writ)).

Appellant waited almost five years after Abedinzadeh's death to claim she was married to him. Appellant presented no evidence of an agreement to marry, that she and Abedinzadeh lived together as husband and wife, or that they held themselves out to others as husband and wife. Appellant did not come forward with sufficient evidence to neutralize the presumption that she was not married to Abedinzadeh. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

7