**Affirmed and Opinion filed October 19, 2017.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00824-CV

---

**WILLIAM H. POFF AND JULIA A. POFF, Appellants**

**V.**

**JUAN CARLOS GUZMAN AND CYPRESS FOUR PROPERTY VENTURES, LLC, Appellees**

---

**On Appeal from the 506th Judicial District Court
Waller County, Texas
Trial Court Cause No. 16-04-23698**

---

### O P I N I O N

Appellants Julia and William Poff were residential tenants of the appellees. The Poffs sued the appellees for breach of contract, various torts, and statutory

violations after the appellees initiated a forcible detainer action against the Poffs in a justice court.[1]

Although the Poffs initially obtained a default judgment, the trial court granted a new trial and vacated the default judgment. Then, the trial court dismissed the Poffs' suit because the Poffs, proceeding *in forma pauperis*, filed a fraudulent affidavit of indigence and because the suit was barred by res judicata.

We affirm.

## I. NEW TRIAL

In their first two issues, the Poffs challenge the trial court's granting a new trial and vacating the default judgment.[2] Generally, however, an order granting a new trial within the trial court's plenary power is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984) (per curiam) (holding that the trial court's order setting aside a default judgment and granting a new trial was not reviewable on appeal); *Rebector v. Angleton Danbury Hosp. Dist.*, No. 14-08-00811-CV, 2010 WL 2681721, at *2 (Tex. App.—Houston [14th Dist.] July 8, 2010, pet. denied) (mem. op.) ("[T]he trial court's act of granting a new trial and setting aside the default judgment is not reviewable on appeal." (quotation omitted)); *see also In re Columbia Med. Ctr. of*

---

[1] We have issued an opinion today in the Poffs' appeal from a judgment of eviction in that case, Cause No. 14-16-00603-CV.

[2] The Poffs also raised these issues in a petition for writ of mandamus, which this court denied. *See In re Poff*, No. 14-16-00773-CV, 2016 WL 6134460, at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, orig. proceeding) (mem. op.) (per curiam) ("Mandamus review is not available for an order that sets aside a default judgment when there has been no jury trial." (quotation omitted)).

*Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 208–09 (Tex. 2009) (orig. proceeding).

The Poffs do not contend that any recognized exception applies. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (noting two recognized exceptions).

Thus, the Poffs' first two issues are overruled.

## II.    MOTION TO DISMISS

In their third and fourth issues, the Poffs challenge each of the bases upon which the trial court dismissed the suit: respectively, the fraudulent affidavit of indigence and res judicata. We address only the third issue concerning the affidavit of indigence because it is dispositive of this appeal. *See Brager v. James*, No. 02-13-00130-CV, 2014 WL 584795, at *3 (Tex. App.—Fort Worth Feb. 13, 2014, no pet.) (mem. op.) (dispositive motion to dismiss will be affirmed if any theory advanced in the motion supports dismissal); *see also Clark v. Clark*, No. 01-13-00577-CV, 2014 WL 6853470, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2014, no pet.) (mem. op.).

### A.    Background

About a month after the Poffs filed an affidavit of indigence in this case, the Poffs filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. For the bankruptcy case, the Poffs completed several forms detailing their income and expenses. The bankruptcy court dismissed the Poffs' case, noting that they were "serial filers" who had used the Bankruptcy Code "as both a sword and a shield" to benefit from the automatic stay while not "fulfilling their fundamental duties under the Bankruptcy Code."

3

After the bankruptcy dismissal, appellees filed a motion to dismiss "based upon fraud perpetuated upon the court." Appellees attached the Poffs' bankruptcy forms, arguing that there were discrepancies between the forms and the affidavit of indigence filed in this case. Appellees alleged that the affidavit of indigence was misleading and amounted to a knowing, intentional, and willful misrepresentation of fact. In particular, appellees pointed to a difference in the amount of income claimed.

In the affidavit of indigence, the Poffs described "monthly net income after taxes" as $3,750.00. They attached a two-week paystub for William showing "gross pay" of $2,577.50, taxes totaling $225.05, and "net pay" of $1,882.78 after all deductions (including health, dental, and life insurance totaling $465.67, and a uniform deduction of $4.00). At the hearing on the motion to dismiss, Julia Poff explained that she reached the $3,750.00 figure by multiplying the two-week "net pay" from the paystub, resulting in $3,764.00, and then rounded down to $3,750.00. Also in the affidavit, the Poffs listed their monthly expenses totaling $4,599.00. Accordingly, it appears from the affidavit that the Poffs' monthly expenses exceed their income by $849.00. The Poffs identified their bank account balance as negative $70.00 with total personal property valued at $1,430.00.

The bankruptcy forms tell a different story. The Poffs identified their monthly "gross" income excluding payroll deductions as $5,457.50 with "take-home pay" after payroll deductions as $4,011.48. The Poffs listed their monthly expenses totaling $3,481.00. The Poffs calculated their monthly net income by subtracting their expenses from income: $530.48. Accordingly, the Poffs wrote that their monthly income exceeded their expenses by $530.48. They claimed total personal property valued at $16,600.67.

At the hearing on appellees' motion to dismiss, Julia Poff argued that the differences between the affidavit of indigence and the bankruptcy forms resulted from the affidavit's listing of "net" income and the bankruptcy forms' listing of "gross" income. The trial court explained that he understood the Poffs' argument about "gross versus net," but that the Poffs' argument "doesn't take into consideration the various subparts that are in discrepancies." The trial court ruled that the "motion on the fraud of the Court is well-founded and I do adopt the allegations that are stated in the defendant's motion as the Orders of this Court." The court also ruled that the affidavit of indigence was "inadequate" and that the case should be dismissed.

The trial court signed a written order dismissing the case. The court wrote that it "made findings of fact and conclusions of law as stated upon the record." The court also found that the Poffs filed "a Paupers Affidavit when they were not qualified to file such papers" and that there was "an intentional violation of filing a fraudulent Paupers Affidavit."

The Poffs appealed.

## B.    Issue and Argument

The Poffs' third issue is: "Abuse of judicial discretion in contesting of a Pauper's Affidavit 6 months after it was filed and declaring that it was fraud without significant evidence in full as well as not allowing the Pro Se litigant the chance to fully explain the difference between 'net Income' on one document and 'gross income' on another." Within this issue, the Poffs again note the difference between "gross income" and "net income." They also contend that (1) William lost his job the day after one of the appellees' friends, a Waller County deputy, went to William's place of employment; (2) there is undisputed evidence of the Poffs' receiving governmental assistance, which "barred any type of contest"; (3) the

5

appellees contested the affidavit "well past the 10 days' statutory limit"; and (4) the recently amended Rule 145 of the Texas Rules of Civil Procedure required sworn evidence to challenge the Poffs' affidavit.

**C.     Analysis**

Neither party, nor the trial court, has referred to any rule or statute that might authorize the trial court's dismissal of the Poffs' claim based upon a fraudulent affidavit of indigence. But, because the Poffs filed an affidavit of indigence under Rule 145 of the Texas Rules of Civil Procedure, the trial court had statutory authority to dismiss the action on a finding that "the allegation of poverty in the affidavit is false." Tex. Civ. Prac. & Rem. Code § 13.001(a)(1).[3] Based on the trial court's ruling that the affidavit of indigence was "inadequate" and "fraudulent," and that the Poffs were not "qualified" to file the affidavit, we will treat the dismissal as within the trial court's authority under Section 13.001(a)(1). *See Clark v. Clark*, No. 01-13-00577-CV, 2014 WL 6853470, at *3 (Tex. App.—Houston [1st Dist.] Dec. 4, 2014, no pet.) (mem. op.) (holding that the trial court's dismissal was based on Section 13.001(a)(1), although the order did not expressly identify the statutory basis for dismissal, because the order stated that the party was able to pay all filing fees and had not filed the affidavit in good faith); *Jackson v. N. Forest Indep. Sch. Dist.*, No.

---

[3] Furthermore, a trial court may have inherent authority to impose death penalty sanctions when a party has committed perjury or fabricated evidence. *See JNS Enter., Inc. v. Dixie Demolition, LLC*, 430 S.W.3d 444, 452–53 (Tex. App.—Austin 2013, no pet.) (noting that a trial court has inherent authority to impose sanctions for a party's deplorable conduct, and that fabricating evidence is the most egregious conduct amounting to a "fraud on the court" (quotation omitted)); *Daniel v. Kelley Oil Corp.*, 981 S.W.2d 230, 232–36 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (en banc) (noting that a trial court has implied power to manage controversies before it, that the trial court did not err by resolving a factual dispute as to whether certain evidence had been fabricated, and that the trial court did not err by imposing death penalty sanctions); *Vaughn v. Tex. Emp't Comm'n*, 792 S.W.2d 139, 144 (Tex. App.—Houston [1st Dist.] 1990, no writ) (no abuse of discretion when trial court dismissed a party's causes of action after the party committed perjury during discovery).

01-10-00010-CV, 2012 WL 246052, at *4 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.) (same).

We review a trial court's dismissal under Section 13.001(a)(1) for an abuse of discretion. *See Clark*, 2014 WL 6853470, at *1; *Jackson*, 2012 WL 246052, at *3 & n.11. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Jackson*, 2012 WL 246052 at *3. "To show a clear abuse of discretion, an appellant must show that, under the circumstances of the case, the facts and law permitted the trial court to make but one decision." *Id.*

The test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the litigant would be unable to pay the costs, or a part thereof, or give security therefor, if the litigant really wanted to and made a good-faith effort to do so. *Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (citing *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942)). The statutory text of Section 13.001(a)(1) does not require the trial court to find that the allegation of poverty was false when it was made or that the affidavit itself contained a false statement—a trial court may dismiss the action if the allegation of poverty, "although true when filed, subsequently becomes inaccurate." *Cf. Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at *10–11, *13 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (construing similar provision in Chapter 14 regarding *in forma pauperis* inmate litigation; collecting cases and reasoning that an indigent litigant "can give totally accurate information about his financial status or, more specifically, the status of his trust account, but may nevertheless be found to have given a false 'allegation of poverty' if the trial court disagrees with the inmate regarding whether his financial status constitutes 'indigence' for purposes of paying costs" (quoting Tex. Civ. Prac. & Rem. Code §

14.003(a)(1))); *see also* Tex. R. Civ. P. 145 (stating that a party may move to require the declarant to pay costs if "the Statement was materially false when it was made" or if "because of changed circumstances, the Statement is no longer true in material respects").[4]

The First Court of Appeals has held that a trial court abuses its discretion under Section 13.001(a)(1) when (1) the trial court is faced with a conclusory contest under Rule 145, (2) the only evidence concerning the matter is the uncontradicted affidavit of indigence, and (3) the trial court fails to set forth its reasoning in support of its finding that the allegation of poverty is false. *See Clark*, 2014 WL 6853470, at *3; *Jackson*, 2012 WL 246052, at *5–6. In both *Clark* and *Jackson*, no one identified any error or omission in the indigent parties' affidavits; the only evidence in the record consisted of the affidavits, which demonstrated the inability to pay; and the trial courts did not identify any reasons for their rulings. *See Clark*, 2014 WL 6853470, at *3; *Jackson*, 2012 WL 246052, at *5–6.

In contrast, here, the trial court specifically noted discrepancies between the Poffs' affidavit and their bankruptcy filings. The trial court understood the Poffs' argument concerning the difference between "net" and "gross" income on the respective documents, yet the discrepancies among the subparts in the documents

---

[4] We consider Chapter 14 cases addressing whether an allegation of poverty is false because the two statutes use substantially the same language. *Compare* Tex. Civ. Prac. & Rem. Code § 13.001(a)(1) (court may dismiss if "the allegation of poverty in the affidavit is false"), *with* Tex. Civ. Prac. & Rem. Code. § 14.003(a)(1) (court may dismiss if "the allegation of poverty in the affidavit or unsworn declaration is false"); *see also West v. Robinson*, 486 S.W.3d 669, 672 (Tex. App.—Amarillo 2016, pet. denied) (analyzing the trial court's frivolousness dismissal as one under Chapter 13 even though the trial court erroneously applied Chapter 14 because of the "historical and direct relationship between Chapters 13 and 14, and because there is effectively no difference in the two statutes' descriptions of the court's inquiry"); *Lynch v. Jack in the Box*, No. 03-06-00444-CV, 2007 WL 2274838, at *2 (Tex. App.—Austin Aug. 9, 2007, no pet.) (mem. op.) (applying the reasoning from a Chapter 14 case to a Chapter 13 case; noting that Chapter 14 was the "counterpart to [C]hapter 13 that applies specifically to inmate litigation").

were substantial. For example, although the Poffs claimed in the affidavit that their monthly expenses exceeded income by $849.00, they claimed in the bankruptcy forms that their monthly income exceeded expenses by $530.48.

Based on the Poffs' bankruptcy court filings, the trial court heard evidence that the Poffs were able to pay court costs if they had wanted to and had made a good faith effort to do so. Thus, the facts and law permitted the trial court to find that the allegation of poverty was false. Under these circumstances, we cannot conclude that the trial court's finding amounted to an abuse of discretion. *Cf. Mendoza v. Livingston*, No. 09-12-00594-CV, 2014 WL 670119, at *3 (Tex. App.—Beaumont Feb. 20, 2014, no pet.) (mem. op.) (no abuse of discretion to dismiss based on false affidavit of indigence when the litigant had an account balance of $6.15, an average six-month balance of $32.21, and cash deposits in the prior six months totaling $690.00); *McGoldrick v. Velasquez*, No. 13-12-00766-CV, 2013 WL 3895315, at *1–2 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.) (no abuse of discretion to dismiss based on false affidavit of indigence when the litigant had an average six-month balance of $36.18 and cash deposits in the prior six months totaling $453.42); *Vega v. Tex. Dep't of Crim. Justice–Corr. Inst. Div.*, No. 12-10-00149-CV, 2011 WL 3273256, at *2–3 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (no abuse of discretion to dismiss based on false affidavit of indigence when the litigant had an average six-month balance of $172.02 and cash deposits in the prior six months totaling $530.00); *McCullough v. Dretke*, No. 2-07-294-CV, 2008 WL 4180365, at *3 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.) (no abuse of discretion to dismiss based on false affidavit of indigence when the litigant had an average six-month balance of $184.92).

Regarding the Poffs' specific arguments on appeal, we note that the Poffs never made any of their complaints to the trial court or obtained rulings on any such

objections—that William lost his job, that the court was "barred" from dismissing based on the Poffs' claiming governmental benefits or because the appellees' challenged the Poffs' affidavit more than ten days after the Poffs filed it, or that the appellees' evidence was not sworn. *See* Tex. R. App. P. 33.1 (to preserve error, generally, appellants must make timely complaints to the trial court and obtain rulings). No evidence in the record supports the Poffs' contention that William lost his job. The Poffs cite no authority for the contention that their receipt of governmental benefits, or the fact that the appellees did not contest the affidavit within ten days, "barred" the trial court's dismissal. To the extent the Texas procedural rules concerning contests to affidavits of indigence might govern the exercise of a trial court's discretion under Section 13.001,[5] nothing in the applicable versions of the rules supports the Poffs' contentions. *See* Tex. R. Civ. P. 145 (noting that the receipt of governmental benefits is "evidence of the declarant's inability to afford costs," but not setting up a bar to challenge based on receipt of governmental benefits; not including any time limit for challenging the affidavit); *see also* Tex. R. App. P. 20.1.[6]

---

[5] *See In re CompleteRx, Ltd.*, 366 S.W.3d 318, 324 (Tex. App.—Tyler 2012, no writ) ("It is well established that when a conflict arises between a statute and a rule of procedure, we must harmonize the statute and the rule if possible."); *see also Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004.").

[6] Although the Poffs might have based their appellate arguments on older versions of the rules, the rules were amended and made effective before appellees filed their motion to dismiss. *See* Sup. Ct. Tex., *Final Approval of Amendments to the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure and of a Form Statement of Inability to Afford Payment of Court Costs*, Docket No. 16-9122 (Aug. 31, 2016) ("The amendments are effective September 1, 2016. The amended rules apply to any contest of, or challenge to, a claim of inability to afford payment of court costs that is pending on September 1."), *available at* www.txcourts.gov/media/1435934/169122.pdf.

Finally, we reiterate that the Poffs did not obtain a ruling on any objection concerning the trial court's consideration of unsworn evidence under Rule 145, so the Poffs did not preserve this complaint for appellate review. *See Thomas v. Daniel*, No. 02-12-00397-CV, 2013 WL 3771321, at \*2 (Tex. App.—Fort Worth July 18, 2013, no pet.) (mem. op.) (no error preserved for a complaint that the trial court admitted unsworn testimony); *De La Garza v. Salazar*, 851 S.W.2d 380, 383 (Tex. App.—San Antonio 1993, no writ) ("[B]y failing to object to the informal presentation of evidence appellant has not preserved the right to complain about the absence of sworn evidence. To hold otherwise would permit a litigant to acquiesce in an informal recitation of essentially undisputed evidence, obtain a ruling, and then later appeal and argue lack of sworn evidence." (citations omitted)); *cf., e.g.*, *Choice v. Gibbs*, 222 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (no error preserved regarding objection to summary judgment affidavit when the trial court never ruled on the objection).

The Poffs' third issue is overruled.

### III.  CONCLUSION

Having overruled the Poffs' issues necessary for the disposition of the appeal, we affirm the trial court's judgment.


/s/    Ken Wise
Justice


Panel consists of Justices Christopher, Brown, and Wise.


11