**Reversed and Remanded and Memorandum Opinion filed August 27, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00835-CV

## REDMOND LEGAL GROUP, PLLC, AND JERRY REDMOND, JR., Appellants

## V.

## CARLISS CHATMAN AND MITRA WOODY, Appellees

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2014-09477**

### MEMORANDUM OPINION

Appellants Redmond Legal Group, PLLC, and Jerry Redmond, Jr., bring this appeal from the trial court's order of May 15, 2017, granting a motion for sanctions in favor of appellees Carliss Chatman and Mitra Woody and dismissing appellants' claims with prejudice. We reverse and remand.

# FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit began in February 2014 when Redmond Legal Group, PLLC, ("RLG") and Jerry Redmond, Jr., ("Redmond") filed their original petition against Carliss Chatman and Mitra Woody, former contract attorneys for RLG. Chatman and Woody counterclaimed. Eventually, the matter was set for trial during a two-week period beginning January 18, 2016.

On January 5, 2016, counsel for Redmond filed a motion seeking a continuance or abatement of trial based on an e-mail from Redmond with a physician's letter attached, which stated: "due to injury, Redmond is not able to travel from Georgia or appear at trial." Redmond's counsel attempted to contact her client but was unsuccessful. The letter, dated December 18, 2015, is signed "Dr. Debra Hyber" (hereinafter the "Hyber letter"). In the top right-hand corner is the following:

Dr. Debra Hyber, DO
*Holcomb Medical*
476 Mansell Rd
Roswell, Georgia 30076

The Hyber letter states Redmond was injured in November 2015, necessitating "medical treatment and stay, and rehabilitative therapy . . .." Further, the Hyber letter states Redmond continues to receive rehabilitative therapy "and is unable to travel until he is reevaluated and possibly released by me during his next visit in late January 2016." In June 2016, Chatman and Woody moved for sanctions alleging the Hyber letter was fraudulent and was submitted to delay trial and give Redmond more time to respond to discovery.

On December 20, 2016, a status conference was held. The hearing record reflects that appellants' trial counsel informed the trial court that the Hyber letter

2

was "false." She stated the letter was not written by the doctor and there was no clinic at that address. According to counsel, "Everything about the letter is a falsity." The trial court asked, "you are saying to me that this letter was presented to you by your client is a fraud?" To which trial counsel relied, "Yes." The trial court expressed concern that a fraud upon the Court had been committed. The trial setting was cancelled, and an evidentiary hearing planned for January. The trial court stated it was "on the table" as to whether appellants' pleading would be struck, and the case dismissed. The trial court said, "I will want to see evidence that Mr. Redmond was in the hospital at the time we are discussing here."

On January 3, 2017, a hearing was held on the motion for sanctions. On February 6, 2017, the trial court signed an order directing Redmond to provide his counsel with the name of the hospital(s) that treated him for the alleged injury he suffered in November 2015 no later than February 10, 2017. Further, Redmond's counsel was ordered to then obtain records "from the identified hospital(s) in admissible form." Those records were to be produced "for *in camera* review by March 10, 2017."

In May 2017, the trial court granted the defendants' motion for sanctions and dismissed all of appellants' claims. In its order, the trial court made the following findings:

> The Court finds that the letter the Plaintiffs filed with this Court on January 5, 2016 (the " Hyber Letter" ) is fraudulent. In response to the Defendants Motion for Sanctions, the Plaintiffs represented that the Hyber Letter was written by Dr. Redmond-Hyber, a pediatrician licensed in Alabama. The Court finds that Dr. Redmond-Hyber did not. write the Hyber Letter. The Court finds that the Plaintiffs knowingly submitted the fraudulent Hyber Letter to the Court to be considered in ruling on the Plaintiffs' Motion for Expedited Hearing for Status Conference on the Trial Setting and Opposed Motion for Continuance or Abatement.

The Court also finds that the Hyber Letter and related claims of injuries suffered by Jerry Redmond were used to unnecessarily and unreasonably delay proceedings in this case, including mediation and the Plaintiffs' responses to the Defendants' discovery requests.

The Court further finds that Plaintiff Redmond's sworn testimony regarding the Hyber Letter during the hearing held on January 3, 2017, was not truthful.

The Court finds that Plaintiff Jerry Redmond Jr. failed to fully comply with the Court's orders made from the bench on December 20, 2016, and January 3, 2017. Plaintiff Redmond also failed to fully comply with this Court's written order signed February 6, 2017.

Plaintiff Jerry Redmond, Jr. is an attorney licensed by the State of Texas. Plaintiff Redmond is subject to the Texas Disciplinary Rules of Professional Conduct, including the rule of Candor Toward the Tribunal.

Through their conduct, the Plaintiffs have abused or violated the discovery process, the Texas Rules of Civil Procedure, and the Texas Disciplinary Rules of Professional Conduct. Based on this conduct, the Court concludes that the Plaintiffs' claims lack merit.

In September 2017, appellees filed a notice of nonsuit of their counterclaims and the trial court signed an order dismissing those claims. Appellants timely filed their notice of appeal.

### APPLICABLE LAW

A sanction is just if there is a direct relationship between the offensive conduct and the sanction imposed and it is not excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). Under the first prong, a direct relationship exists if a trial court directs the sanction against the abuse found and the sanction remedies the prejudice caused to the innocent party. *Id*.

Under the second prong, just sanctions must not be excessive. *Id*. The discovery sanction imposed should be no more severe than necessary to serve its legitimate purposes. *Id*. A sanction is excessive if lesser sanctions would have served

4

the purposes of compliance, deterrence, and punishment. *5 Star Diamond, LLC v. Singh*, 369 S.W.3d 572, 579 (Tex. App.—Dallas 2012, no pet.). Generally, before a sanction that prevents a decision on the merits is justified, the record must reflect that the court considered the availability of lesser sanctions. In all but the most egregious and exceptional cases, lesser sanctions must first be tested to determine their efficacy. *Cire v. Cummi*ngs, 134 S.W. 3d 835, 842 (Tex. 2004).

*Were the Sanctions Just?*

Appellants complain that there was no direct relationship between the offensive conduct and the sanction imposed. Further, appellants contend the sanction was excessive. *See TransAmerican*, 811 S.W.2d at 917.

When a party has fabricated evidence, death penalty sanctions may be appropriate. *Poff v. Guzman*, 532 S.W.3d 867, 870 n.3 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Additionally, courts will generally uphold the use of death penalty sanctions for abuse of the discovery process "if a party acts in flagrant bad faith, such as by destroying or fabricating evidence that is material to the case." *Khan v. Valliani*, 439 S.W.3d 528, 535 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Cire*, 134 S.W.3d at 836 (plaintiff violated court orders by deliberately destroying dispositive evidence). This is so because "[a]ctions that callously disregard the rules of discovery warrant a presumption that the actor's claims are meritless." *Id.*

In *Khan*, this court recognized that the failure to pay $400 in attorney's fees for contempt of court revealed nothing about the truth or merit of the plaintiff's claims. 439 S.W.3d at 5353. We therefore determined the trial court should have considered lesser sanctions and held dismissal of the suit could not be upheld as a sanction. *Id.* at 536. "In all cases, the record must reflect that the trial court

5

considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the sanction imposed." *In re RH White Oak, LLC*, 442 S.W.3d 492, 502 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding) (citing *Cire*, 134 S.W.3d at 842).

In *Poff*, a false affidavit of indigence was submitted in support of a motion to proceed *in forma pauperis*. *Poff*, 532 S.W.3d at 870. This court determined the trial court did not abuse its discretion in dismissing the case as a sanction. *Id.* at 872. Then in *Pressil v. Gibson*, 558 S.W.3d 349, 354 (Tex. App.—Houston [14th Dist.] 2018, no pet.), we upheld the trial court's death-penalty sanction for manufacturing evidence related to damages. *Accord Cire,* 134 S.W.3d at 841 (party destroyed audio tapes which went to the heart of the proof needed to defend against that party's claims); *JNS Enter., Inc. v. Dixie Demolition*, LLC, 430 S.W.3d 444, 455 (Tex. App.—Austin 2013, no pet.) (parties produced false contract documents that were the basis of their claims); *Response Time, Inc. v. Sterling Commerce (N. Am.), Inc*., 95 S.W.3d 656, 662 (Tex. App.—Dallas 2002, no pet.) (defendants' conduct—testifying falsely and misleadingly, fabricating claims, defenses and evidence, and presenting false arguments and evidence—was directly related to its counterclaims and defenses); *Daniel v. Kelley Oil Corp*., 981 S.W.2d 230, 235 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (plaintiff fabricated tape recording which went to the heart of her case); *Vaughn v. Tex. Emp't Comm'n*, 792 S.W.2d 139, 143 (Tex. App.—Houston [1st Dist.] 1990, no writ) (plaintiff committed perjury and fabricated evidence in her deposition and discovery responses that were material to her suit)).

Although trial courts have broad authority to impose appropriate sanctions on litigants that abuse the litigation process, that authority is not without limits. *See Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570 (Tex. 2018). The trial court clearly had the discretion to sanction Redmond because of the Hyber letter, including

6

the potential use of death penalty sanctions. The order, however, does not state that lesser sanctions were considered, how the sanctionable conduct bore direct relevance to the claims of plaintiffs Redmond Legal Group, PLLC, and Jerry Redmond, Jr., or why fabricating and submitting the Hyber letter justified a presumption that the claims of plaintiffs Redmond Legal Group, PLLC, and Jerry Redmond, Jr., lacked merit. Also, the record does not reflect that the trial court considered the availability of lesser sanctions.  For this limited reason, and under the record as it currently stands, we must conclude that the sanction was an abuse of discretion. *See Cire*, 134 S.W.3d at 842; *RH White Oak*, 442 S.W.3d at 502.

### CONCLUSION

We reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.


/s/     Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell and Poissant.

7